**1ST AMERICAN SAVINGS BANK,**
Petitioner–Appellee,

and

**Board of Assessment Appeals, Appellee,**

v.

**BOULDER COUNTY BOARD
OF COMMISSIONERS,**
Respondent–Appellant.

No. 93CA1408.

Colorado Court of Appeals,
Div. III.

Dec. 15, 1994.

Pamela J. Fair, Denver, for petitioner-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Mark W. Gerganoff, Asst. Atty. Gen., Denver, for appellee Board of Assessment Appeals.

H. Lawrence Hoyt, Boulder County Atty., George Rosenberg, Asst. County Atty., Boulder, for respondent-appellant.

Opinion by Judge JONES.

Respondent, Boulder County Board of Commissioners (BOC), appeals an order of the Colorado Board of Assessment Appeals (BAA) requiring the BOC to cause an abatement/refund to petitioner, 1st American Savings Bank (taxpayer), based on property taxes for the 1989 and 1990 tax years. We reverse and remand with directions.

Taxpayer originally requested an abatement/refund from the BOC in the amount of $50,278.13 plus interest on real property taxes for the tax years 1989 and 1990. The BOC denied the petition and the taxpayer appealed this decision to the BAA.

During the hearing before the BAA, the BOC attempted to call a witness that it had not listed on its witness list to present testimony as to a report the BOC wished to introduce into evidence. Acting under BAA Rule 11, 8 Code Colo.Reg. 1301–1, which states that all parties shall exchange witness lists and lists of exhibits at least ten days prior to the hearing, the BAA prohibited the BOC's witness from testifying. The BOC, thus, presented no evidence in the hearing before the BAA.

The BAA determined that the taxpayer had presented sufficient probative evidence to prove that the valuation of the subject property was incorrect for the tax years 1989 and 1990 and, therefore, ordered the BOC to cause an abatement/refund to the taxpayer based on an actual value of $1,150,000 for the years in question. It is this order which the BOC appeals.

I.

The BOC first contends that the BAA erred in prohibiting its witness from testifying under BAA Rule 11 because no such rule exists. We disagree.

The BOC argues that when H.B. 91–1183, Colo.Sess.Laws 1991, ch. 315, § 39–2–123 at 1977 was enacted, abolishing the then existing BAA and immediately creating a newly constituted BAA, all rules and regulations of the "old" BAA were also abolished. The BOC contends, therefore, that the "new" BAA was required to re-enact, ratify, or promulgate new rules and regulations under § 39–2–125(1)(a), C.R.S. (1994 Repl.Vol. 16B).

Initially, we note that Colo.Sess.Laws 1979, ch. 214, § 24–4–103(8)(c)(I) at 845 was an automatic statutory sunset provision. It provided that all rules adopted or amended on or after July 1, 1979, under the State Administrative Procedure Act, § 24–4–101, et seq., C.R.S. (1988 Repl.Vol. 10A), would expire at 11:59 p.m. on June 1 of the year following their adoption, unless the General Assembly, by bill, acted to postpone the expiration of any specific rule. In addition, Colo. Sess.Laws 1979, ch. 214, § 24–4–108(4)(c) at 847 provided that the rules and regulations

of the Department of Local Affairs, within which the BAA resides, *see* § 39–2–123(1), C.R.S. (1994 Repl.Vol. 16B), would expire on July 1, 1982, unless the General Assembly postponed the expiration date.

Therefore, any and all rules of the BAA subject to these sunset provisions would have automatically expired unless the General Assembly postponed the expiration. This is precisely what the General Assembly has done throughout the years. *See* Colo.Sess. Laws 1982, ch. 27, § 1 at 203; Colo.Sess. Laws 1983, ch. 38, § 1 at 302; Colo.Sess. Laws 1984, ch. 29, § 1 at 255; Colo.Sess. Laws 1985, ch. 43, § 1 at 231; Colo.Sess. Laws 1986, ch. 47, § 1 at 379; Colo.Sess. Laws 1987, ch. 162, § 1 at 917; Colo.Sess. Laws 1988, ch. 28, § 1 at 286; Colo.Sess. Laws 1989, ch. 29, § 1 at 278; Colo.Sess. Laws 1990, ch. 32, § 1 at 287.

When the General Assembly was considering changing § 39–2–123 through H.B. 91–1183, it also had to consider whether to extend the expiration date of all rules and regulations of the various state agencies that were intended to expire on June 1, 1991. Included in this group of state agencies was the Department of Local Affairs. In H.B. 91–1257, which became Colo.Sess.Laws 1991, ch. 25, § 1 at 145, the General Assembly explicitly extended the expiration date of all rules and regulations of the Department of Local Affairs with the exception of some rules not pertinent to this appeal.

■ Therefore, under H.B. 91–1257, the BAA's rules and regulations, set to expire on June 1, 1991, were extended for the following year. H.B. 91–1257 was approved by the General Assembly on May 24, 1991, the same day on which the General Assembly approved H.B. 91–1183 which abolished the "old" BAA and established the "new" BAA.

Since the General Assembly is presumed to have knowledge of all other statutes in existence, *City & County of Denver v. Rinker*, 148 Colo. 441, 366 P.2d 548 (1961), and certainly those which it is concurrently promulgating, we conclude that by enacting H.B. 91–1257 and extending all rules and regulations of the BAA under the Department of Local Affairs, the General Assembly specifically acted to postpone the expiration of the rules and regulations of the "old" BAA and continue their application under the "new" BAA.

Since the establishment of the "new" BAA in 1991, the General Assembly has postponed the expiration of all rules and regulations of the BAA in Colo.Sess.Laws 1992, ch. 27, § 1 at 149, and again in Colo.Sess.Laws 1993, ch. 200, § 1 at 908. Therefore, the BOC's contention that the BAA's Rule 11 was not legally in effect during its July 22, 1993, hearing before the BAA must fail.

## II.

The BOC next contends that, even if BAA Rule 11, 8 Code Colo.Reg. 1301–1, legally is in effect, no purpose is served by the rule and, therefore, it does not have a legitimate relationship to express statutory provisions and objectives. We disagree.

The BOC argues that, since no prehearing discovery is allowed prior to BAA hearings, parties cannot depose an opposition's potential witnesses, and parties cannot inquire of a witness by written interrogatories, the rule requiring parties to exchange witness lists ten days prior to a hearing serves no purpose.

■ We conclude quite to the contrary. Since BAA's procedures do not allow discovery, we determine the need for a rule which requires parties to exchange witness lists and exhibit lists prior to the hearing to be even more paramount. Without the benefit of discovery, a witness list and an exhibit list are the only means by which a party can gain knowledge of those who will testify and the subject matter of their testimony in order properly to prepare for cross-examination of witnesses and the presentation of rebuttal witnesses and exhibits.

## III.

■ The BOC also contends that the BAA abused its discretion under the rule when it denied the BOC the right to call a witness which it had inadvertently omitted from its witness list. Under the circumstances of this case, we agree with the BOC and, therefore, remand for a new hearing.

During the hearing, when the taxpayer's attorney interposed an objection to the BOC's witness testifying, the attorney noted that the witness did sign the appraisal document which she had timely received. She then stated, "So we're not exactly surprised, but we're objecting to him as a witness because he wasn't listed." She did not claim to be prejudiced by the witness being called.

At the oral argument of this appeal, the taxpayer's attorney declined to assert that the taxpayer would have been prejudiced had the BOC been allowed to call the witness.

Inasmuch as the taxpayer's attorney had implicit knowledge of the BOC's witness and of the subject matter of the witness' testimony, and given the fact that, by barring the witness from testifying, the BAA received no evidence from the BOC, we conclude that the BAA abused its discretion when it did not allow the witness to testify. *See Nagy v. District Court*, 762 P.2d 158 (Colo.1988).

Accordingly, the BAA's order is reversed, and the cause is remanded to the BAA with directions to conduct another hearing in a manner consistent with this opinion.

NEY and DAVIDSON, JJ., concur.