FIRSTBANK—LONGMONT,
Petitioner–Appellee,

and

Colorado State Board of Assessment
Appeals, Appellee,

v.

BOARD OF EQUALIZATION,
BOULDER COUNTY, Re-
spondent–Appellant.

No. 98CA0925.

Colorado Court of Appeals,
Div. I.

May 27, 1999.

Rehearing Denied July 15, 1999.

Certiorari Denied Jan. 18, 2000.

William A. McLain, P.C., William A. McLain, Denver, Colorado, for Petitioner–Appellee.

No Appearance for Colorado State Board of Assessment Appeals.

Office of the Boulder County Attorney, H. Lawrence Hoyt, County Attorney, Patricia A. Mayne, Assistant County Attorney, Boulder, Colorado, for Respondent–Appellant.

Opinion by Judge TAUBMAN.

In this property tax case, respondent, the Boulder County Board of Equalization (BOE), challenges two procedural rulings made by the Board of Assessment Appeals (BAA) in proceedings which culminated in a final BAA order reducing the valuation placed on certain commercial property owned by petitioner, FirstBank of Longmont (taxpayer), for the 1997 tax year. We reverse and remand for further proceedings.

At issue in this appeal is the propriety of the BAA's pre-hearing ruling partially denying a discovery motion made by the BOE, and the BAA's later ruling permitting taxpayer to present documentary evidence and testimony through an expert appraisal witness paid on a contingent fee basis.

Prior to the BAA hearing, the BOE filed a motion seeking an order from the BAA permitting it to conduct certain discovery. In particular, pursuant to BAA Rule 11(d), 8 Code Colo. Reg. 1301–1, and C.R.C.P. 34, the BOE requested the BAA to order taxpayer to produce various documents it had requested. Among the documents requested were all appraisals performed on the subject property in the last five years, including any

appraisals performed for loan valuation purposes. Taxpayer did not file any response to this motion.

The BAA granted the BOE's motion as to certain documents, and denied it as to other documents. As relevant here, the BAA denied the BOE's discovery requests regarding the appraisals, ruling that such appraisals "would not be credible evidence without appraisers being called," and that appraisals "for loan purposes cannot be assumed to result in an indicated market value." Further, although the broad discovery request for appraisals was denied, the BOE was later served with the appraisal prepared by taxpayer's representative for the BAA hearing as part of the pre-hearing exchange of documentation required under other BAA rules.

At the hearing, after it was disclosed that taxpayer's expert appraisal witness was being compensated under a contingent fee arrangement, the BOE objected to the admissibility of that witness' testimony and appraisal exhibit on this basis. The BAA conditionally accepted the testimony and documentary evidence from this witness as an offer of proof and ordered the parties to file post-hearing briefs on the admissibility issue.

After such briefs had been filed, the BAA overruled the BOE's objection to the admissibility of the documentary evidence and testimony presented by taxpayer's "agent" in this matter. Specifically, the BAA ruled that it would allow the documentary evidence and testimony under a contingent fee arrangement as long as the fee arrangement had been "disclosed" and the exhibits had not been presented as an "independent appraisal" assignment.

In its final order, the BAA thereafter reduced the valuation of the subject property for the 1997 tax year to a level that fell between the valuation positions asserted by the parties. This appeal by the BOE followed.

## I.

■ Initially, we note that the scope of our review in this appeal is limited to the record previously made concerning the challenged procedural rulings in the administrative proceedings before the BAA. Thus, to the extent that the BOE now attempts to broaden its arguments on these procedural issues beyond the limited record it made before the BAA and raises various points for the first time on appeal, we decline to address such matters, since they have not been properly preserved for our review. *See* §§ 39–8–107(1) & 39–8–108(2), C.R.S.1998; *Wyler/Pebble Creek Ranch v. Colorado Board of Assessment Appeals,* 883 P.2d 597 (Colo.App.1994).

## II.

■ As to the discovery issues, the BOE contends that the BAA acted arbitrarily and capriciously in limiting the scope of discovery by denying its request for production of loan appraisals on the subject property. We agree.

Under BAA Rule 11(d), as promulgated in 1997: "Any party or intervenor may move for an order permitting discovery under the Colorado Rules of Civil Procedure 26 through 37." *See* § 39–2–125(1)(a), C.R.S. 1998; *see also* § 24–4–105(4), C.R.S.1998; *cf. 1st American Savings Bank v. Boulder County Board of Commissioners,* 888 P.2d 360 (Colo.App.1994) (under former version of BAA Rule 11, discovery generally not allowed in BAA proceedings).

■ Interpretation of a rule by the agency which is charged with its enforcement is generally entitled to great deference. *Halverstadt v. Department of Corrections,* 911 P.2d 654 (Colo.App.1995). The agency's interpretation is to be accepted if it has a reasonable basis in law and is warranted by the record. *Ricci v. Davis,* 627 P.2d 1111 (Colo.1981). Nevertheless, courts must interpret the law and are not bound by an agency interpretation that misconstrues it. *El Paso County Board of Equalization v. Craddock,* 850 P.2d 702 (Colo.1993).

■ Rules of statutory construction apply to the interpretation of rules of proce-

dure. *Watson v. Fenney,* 800 P.2d 1373 (Colo.App.1990). Accordingly, when the language employed in a rule is plain and the meaning is clear, it must be applied as written. *Heagney v. Schneider,* 677 P.2d 446 (Colo.App.1984).

Thus, under the plain language of BAA Rule 11(d), when a party moves for an order permitting discovery pursuant to the Colorado Rules of Civil Procedure, the BAA is simply required to grant or deny such request.

Here, the BOE set forth in its motion for expedited discovery pursuant to BAA Rule 11(d) and C.R.C.P. 34 that, on two previous occasions, it had requested certain information informally from taxpayer in order to prepare its BAA Rule 11 disclosures properly. Because no response had been received to such requests, the BOE sought in its motion an order permitting discovery by means of production of documents pursuant to C.R.C.P. 34. The motion then specified ten categories of documents which it sought to discover. No response was filed to this motion.

Subsequently, as noted above, the BAA partially denied the BOE's request for appraisals of the subject property.

Initially, we reject the BOE's argument that, under BAA Rule 11(d), the BAA was required to grant all of its discovery requests simply because taxpayer did not file a response opposing its motion. *See* C.R.C.P. 121 § 1–15 3. (failure of party to file responsive brief to motion *may* be considered confession of motion).

However, we agree with the BOE that the BAA was required to grant its request for production of documents that might not themselves be admissible at the BAA hearing, but that would be discoverable under the broad discoverability standards applicable to district court discovery proceedings under C.R.C.P. 26(b)(1) and cases interpreting it.

In our view, under BAA Rule 11(d), a party is not automatically entitled to conduct discovery in BAA proceedings. However, if the BAA allows discovery to proceed, it should then be left to the parties to conduct such discovery, as would occur in a case in district court.

Thus, if the BAA allows a party to pursue a discovery request, then that party should submit a request to the opposing party, allowing the opposing party to object to such request if it chooses to do so. If and when such party does object to such request, then the BAA could rule on the objection. However, the BAA should not rule in advance on specific discovery requests because such procedure defeats the very purpose of allowing the parties to pursue discovery without court or agency intervention under the Colorado Rules of Civil Procedure.

Accordingly, we conclude that the BAA erred in denying the BOE's request for the production of any loan appraisals. Even if such loan appraisals were not themselves admissible in evidence, they were discoverable pursuant to C.R.C.P. 26(b)(1). *See Jenkins v. District Court,* 676 P.2d 1201 (Colo. 1984) (discovery rules are quite broad and are to be liberally interpreted to full extent of their truth-seeking purpose).

Therefore, the determination of the BAA must be reversed, and the matter must be remanded with directions that it grant the BOE's request for an order to conduct discovery pursuant to BAA Rule 11(d) and C.R.C.P. 34.

### III.

Relying on *Denver v. Board of Assessment Appeals,* 947 P.2d 1373 (Colo.1997) (*Constellation Properties* case) and § 12–61–712(1), C.R.S.1998, the BOE also contends that the BAA erred in failing to bar the admission of the testimony and the written appraisal exhibit presented by taxpayer's expert witness because of the contingent fee arrangement. Addressing this issue for purposes of guidance on remand, we conclude that there was no error in admitting the challenged evidence.

In *Constellation Properties*, the supreme court held that the *1996* version of § 12–61–712(1), with one limited exception, barred any person from appearing and acting in the capacity of an appraiser or expert witness in a case before the BAA if compensated under a contingent fee agreement.

However, the provisions of § 12–61–712(1) were substantially amended in 1997, while the *Constellation Properties* case was pending before the supreme court, and the 1997 amendments make an important distinction between "independent appraisal" assignments and "consulting services." *See* Colo. Sess. Laws 1997, ch. 148, §§ 12–61–702(2.5), 12–61–702(4.5), & 12–61–712(1) at 569–70.

Thus, under the current provisions of § 12–61–712(1), as amended in 1997 and applicable here, it continues to be unlawful for any person to accept a contingent fee in connection with an "independent appraisal" assignment, but there is no such prohibition in connection with "consulting services." *See* § 12–61–712(1)(b), C.R.S.1998.

Further, it is now also unlawful to "misrepresent a consulting service as an independent appraisal," as well as to "fail to disclose" the fact of any "contingent fee" arrangement "in connection with a consulting service." Sections 12–61–712(1)(c) & 12–61–712(1)(d), C.R.S.1998.

The term "consulting services" is defined in § 12–61–702(2.5), C.R.S.1998, as meaning "services performed by an appraiser that do not fall within the definition of an 'independent appraisal' in subsection (4.5) of this section," and it expressly includes "valuations, analyses, and opinions and conclusions given in connection with . . . counseling and advocacy in regard to property tax assessments and appeals thereof."

An exception set forth in § 12–61–702(2.5) to the foregoing definition provides that the appraiser's work "shall be deemed an independent appraisal and not a consulting service" if the appraiser "acts as a disinterested third party" in rendering such services. Finally, § 12–61–702(2.5) further provides that

nothing in these provisions "shall be construed to preclude a person from acting as an expert witness in valuation appeals."

Consequently, as noted in *Constellation Properties*, under the current statutory scheme, contingent fees are not prohibited when providing a "consulting service," which expressly includes counseling and advocacy in property tax appeals, and, by implication, any such evidence is admissible in hearings before the BAA, provided there has been proper disclosure of the contingent fee arrangement and the nature of the appraiser's work. *See* §§ 12–61–702(2.5) & 12–61–712(1); *Constellation Properties, supra.*

Contrary to the BOE's argument, we cannot say, as a matter of law, that the challenged contingent fee evidence of taxpayer's expert witness was improperly admitted as an "independent appraisal," rather than being properly admitted as a sufficiently disclosed "consulting service" under the foregoing legal standards. In ruling that this evidence was admissible, the BAA implicitly found that the expert's work constituted a "consulting service" under a properly disclosed contingent fee arrangement, and we perceive no reversible error in this determination.

Here, the record shows that taxpayer's contingent fee arrangement with its expert witness was clearly disclosed to the BAA at the outset of the hearing, and the BAA so found.

Further, while the evidence presented by this witness was not expressly identified as being either an "independent appraisal" or a "consulting service," the BAA was not misled as to the nature of this evidence. Rather, the record shows that the BAA accepted this evidence only as information provided by an interested party under a disclosed contingent fee arrangement, and not as an independent appraisal from a disinterested third party. *See also* Board of Real Estate Appraisers Rule 11.3, 4 Code Colo. Reg. 725–2 (1997) (providing that no specific contingent fee disclosure language is required in connection with consulting services work, although certain language is recommended).

In this regard, we note that the BAA found, with record support, that this witness acted as taxpayer's "agent" in this matter, with full disclosure of the contingent fee arrangement. We further note that the BAA, as the trier of fact, was free to weigh this evidence as it saw fit in light of the disclosed bias shown by the contingent fee arrangement.

In short, notwithstanding the contingent fee arrangement, we conclude that the BAA properly admitted the documentary evidence and testimony presented by taxpayer's expert witness as a "consulting service" under the record before it. *See* §§ 12–61–702(2.5) & 12–61–712(1); *Constellation Properties, supra.*

Accordingly, the BAA's final order is reversed, and the cause is remanded for additional discovery and a new hearing consistent with this opinion.

Judge METZGER and Judge CASEBOLT concur.