**Lawrence MILLER c/o Chesrown Automotive Group, Inc., Petitioners–Appellees,**

and

**The Colorado State Board of Assessment Appeals, Appellee,**

v.

**BOULDER COUNTY BOARD OF EQUALIZATION, Respondent– Appellant.**

No. 98CA0696.

Colorado Court of Appeals, Div. V.

June 24, 1999.

Certiorari Denied Jan. 18, 2000.

real estate appraisal." Counsel for the BOE conducted voir dire and objected to the witness' qualifications stating: "I would object to [the witness] being accepted as an expert in any kind of commercial appraisal here today. We would accept that he has the qualifications necessary to do a market approach." The BAA overruled the BOE's objection.

The expert testified that he had not been licensed as an appraiser, but submitted a report to the BAA containing a range of "estimated values" based upon the three traditional approaches to the valuation of property required of county assessors: the cost approach, the market approach, and the income approach. *See* § 39–1–103(5)(a), C.R.S. 1998.

The BAA concluded that taxpayer had provided sufficient probative evidence that the property had been incorrectly valued and ordered the BOE to reduce the actual value of the property. This appeal followed.

I.

Layne F. Mann, Lakewood, Colorado, for Petitioners–Appellees.

No Appearance for Appellee Colorado State Board of Assessment Appeals.

Boulder County Attorney's Office, H. Lawrence Hoyt, Boulder County Attorney, Patricia A. Mayne, Assistant County Attorney, Boulder, Colorado for Respondent–Appellant.

Opinion by Judge TAUBMAN.

In this property tax case, respondent, the Boulder County Board of Equalization (BOE), appeals an order of the Board of Assessment Appeals (BAA) reducing the valuation placed on an automobile dealership owned by petitioner, Lawrence Miller (taxpayer), for the 1997 tax year. We affirm.

During the hearing before the BAA, taxpayer offered expert testimony of a real estate broker "in the area of auto dealership

The BOE contends that the BAA erred as a matter of law when it allowed a witness who was not an appraiser to testify as an expert concerning the valuation of the property. More specifically, it asserts that, as a real estate broker, the witness' testimony exceeded the scope of what is permitted by the appraiser licensing statute. We disagree.

In enacting the statutory scheme at issue here, the General Assembly intended to implement minimum requirements for real estate appraisers. Section 12–61–701, C.R.S. 1998. In so doing, the General Assembly authorized the use of expert testimony from real estate appraisers in valuation appeals. Section 12–61–702(2.5), C.R.S.1998.

In *FirstBank v. Board of Equalization*, 990 P.2d 1109 (Colo.App. 1999), a division of this court held that the BAA properly admitted an appraiser's expert testimony as that of a "consulting service." The court noted that the term "consulting services" includes ser-

vices performed by an appraiser in connection with counseling and advocacy in regard to property tax assessments and appeals.

Section 12–61–702(1), C.R.S.1998, states in pertinent part:

'Appraisal', 'appraisal report', or 'real estate appraisal' means a written analysis, opinion, or conclusion relating to the nature, quality, value, or utility of specified interests in, or aspects of, identified real estate. Such terms include a valuation, which is an opinion of the value of real estate, and an analysis, which is a general study of real estate not specifically performed only to determine value; except that such terms include any valuation completed by any appraiser employee of a county assessor as defined in section 39–1–102(2), C.R.S.

See also § 12–61–702(5)(a), C.R.S.1998 (defining "appraiser" and "real estate appraiser" in similar terms).

Section 12–61–702(5)(b)(II), C.R.S.1998, states that a "real estate appraiser" does not include:

Any person licensed as a broker or salesperson pursuant to part 1 of this article who provides an opinion of value *that is not represented as an appraisal* and is not used for purposes of obtaining financing .... (emphasis added)

■ When interpreting a statute, the court must give effect to the legislative intent in enacting the statute. *Vaughan v. McMinn,* 945 P.2d 404 (Colo.1997).

■ A court should look first to the plain meaning of the statutory language, and the words used should be given effect according to their plain and ordinary meaning. *Farmers Group, Inc. v. Williams,* 805 P.2d 419 (Colo.1991).

■ When construing multiple provisions of a statutory scheme, the court must interpret the statute in a way that gives consistent, harmonious, and sensible effect to all its

parts. *See Martinez v. Continental Enterprises,* 730 P.2d 308 (Colo.1986).

■ When construing a statute, a court should defer to the interpretation of the statute adopted by the officer or agency charged with its administration. *Howard Electrical & Mechanical, Inc. v. Department of Revenue,* 771 P.2d 475 (Colo.1989).

■ We review the decision of an administrative agency under an abuse of discretion standard. In so doing, we consider whether the agency misconstrued or misapplied the law. *Cruzen v. Career Service Board,* 899 P.2d 373 (Colo.App.1995).

■ Here, by the plain meaning of the language used, § 12–61–702(5)(b)(II) limits real estate brokers to giving an opinion of value that is not represented as an appraisal. Thus, that statute does not prohibit real estate brokers from testifying before the BAA, so long as their opinions are not represented as appraisals. Further, no other statute prohibits real estate brokers from providing estimates of value.

Moreover, there is no statutory basis for the BOE's contention that, if real estate brokers testify as experts before the BOE, they may only give opinions concerning market value.

■ Here, taxpayer's expert testified that his report contained an estimate of value, and he was allowed to testify as an expert in the area of automobile dealership appraisal. However, the expert disclosed to the BAA that he was not an appraiser and that he had "not prepared an appraisal," but rather that he was submitting a report with an estimate of value for the BAA's consideration.

Furthermore, even though his written report was organized and formatted in the same manner as an appraisal, it was not entitled "appraisal," nor did the witness refer to it as an appraisal. Therefore, we conclude that his testimony and written report constituted an opinion of value which was not represented as an appraisal pursuant to

§ 12–61–702(5)(b)(II). The BOE's objection goes to the weight of the testimony, not its admissibility. Accordingly, the witness testified within the bounds of the statutes.

## II.

The BOE also contends that the BAA's failure to provide an explanation for overruling the BOE's objection to the expert testimony constitutes reversible error. Again, we disagree.

 The evaluation of the credibility of witnesses and the weight to be given to their testimony are matters solely within the fact-finding province of the BAA. *Gyurman v. Weld County Board of Equalization*, 851 P.2d 307 (Colo.App.1993).

The record indicates that the BAA noted the BOE's objection and stated:

> [The witness] has been admitted as an expert witness at the [BAA] before. We will place the necessary weight that we see fit on all of his testimony as [sic] the amount of experience or education based on the market, the income, and the cost.

Thus, the BAA sufficiently explained that the expert was qualified as such and that it would exercise its discretion in giving appropriate weight to his testimony. Therefore, we find no abuse of discretion.

The order of the BAA reducing the valuation of taxpayer's property is affirmed.

Judge ROTHENBERG and Judge ROY concur.