2014 COA 28

IN RE the MARRIAGE OF Konstantina DADIOTIS, Appellee,

and

Peter Dadiotis, Appellant.

Court of Appeals No. 13CA0262

Colorado Court of Appeals, Div. I.

Announced March 13, 2014

Rehearing Denied June 5, 2014

City and County of Denver District Court No. 03DR2950, Honorable William D. Robbins, Judge

No Appearance for Appellee

Law Office of Gary P. Johnson, Gary P. Johnson, Alison H. Shunneson, Denver, Colorado, for Appellant

Opinion by JUDGE FURMAN

¶ 1 In this post-dissolution of marriage proceeding, Peter Dadiotis (husband) appeals from the district court's order denying his motion to terminate his maintenance obligation to Konstantina Dadiotis (wife). Husband contends that his maintenance should be terminated because his wife violated C.R.C.P. 16.2(e)(10) by not revealing her income from a betting business in Greece when the two stipulated in 2008 to his paying her $750 per month in maintenance for ten years. In a related issue, husband contends that his maintenance should be terminated because he materially relied on wife's fraudulent conduct. Because we conclude C.R.C.P. 16.2(e)(10) does not permit the court to redetermine maintenance and we disagree that wife's conduct was fraudulent, we affirm the district court's order.

¶ 2 In 2004, after husband failed to appear for the hearing on permanent orders, the district court ordered him to pay wife maintenance of $1000 per month until her death or remarriage. In 2008, just before a hearing on husband's motion to modify maintenance, the parties reached a stipulation requiring husband to pay wife $750 per month for ten years. The stipulation provided that husband's maintenance could not be changed for any reason. In 2009, the trial court approved the parties' stipulation and adopted it as an order of the court.

¶ 3 In 2012, husband discovered, apparently through inquiries to the Greek government, income reported by his wife's betting business, but not revealed by her during the 2008 proceedings. He filed a motion in the district court to terminate maintenance. In his motion, husband alleged wife did not fully comply with C.R.C.P. 16.2(e)(10).

¶ 4 After a hearing, the district court denied husband's motion, finding that wife's nondisclosure was not material because husband had also participated in the betting business during the marriage and was thus aware of its income and expenses.

## I.

### C.R.C.P. 16.2(e)(10)

¶ 5 We first consider whether husband's maintenance should be terminated because wife did not fully comply with C.R.C.P. 16.2(e)(10). Because we conclude that C.R.C.P. 16.2(e)(10) does not apply to husband's motion to terminate maintenance, we affirm the district court's order based on different reasoning. *See In re Marriage of Rodrick*, 176 P.3d 806, 810 (Colo.App.2007) ("An appellate court may affirm a trial court's correct judgment based on different reasoning than the trial court used.").

¶ 6 We review de novo the legal issue whether C.R.C.P. 16.2(e)(10) applies to husband's motion. *See Hiner v. Johnson*, 2012 COA 164, ¶ 12, 310 P.3d 226. We interpret C.R.C.P. 16.2(e)(10) according to the principles of statutory construction, looking first to the plain and ordinary meaning of the language used. *See id.* at ¶ 13. If the language used in a rule is plain and the meaning is clear, it must be applied as written. *See FirstBank–Longmont v. Bd. of Equalization*, 990 P.2d 1109, 1112 (Colo.App.1999).

¶ 7 The language used in C.R.C.P. 16.2(e)(10) is plain, and its meaning is clear. It provides, in relevant part:

[I]t is the duty of parties to an action for decree of dissolution of marriage ... to provide full disclosure of all material assets and liabilities. If the disclosure contains misstatements or omissions, the court shall retain jurisdiction after the entry of a final decree or judgment for a period of 5 years to allocate material assets or liabilities, the omission or non-disclosure of which materially affects the division of assets or liabilities.

C.R.C.P. 16.2(e)(10).

¶ 8 The five-year reach-back provision of the rule permits the court only "to allocate material assets or liabilities, the omission or non-disclosure of which materially affects the division of assets or liabilities." *Id.* Thus, because the rule's plain language, limited to material assets or liabilities, does not allow the court to redetermine maintenance, we decline to extend the rule to that situation. *Cf. Scoggins v. Unigard Ins. Co.*, 869 P.2d 202, 205 (Colo.1994) ("We will not judicially legislate by reading a statute to accomplish something the plain language does not suggest, warrant or mandate.").

¶ 9 Even so, husband contends that we should interpret C.R.C.P. 16.2(e)(10) to allow a redetermination of maintenance because maintenance is a "liability" that may be reallocated under the rule. We disagree because, under the Uniform Dissolution of Marriage Act (the Act), sections 14–10–101 to –133, C.R.S. 2013, maintenance is an obligation to support a former spouse and is addressed separately from the disposition of marital property and debt. *Compare* § 14–10–113 (provides for the disposition of marital and separate property), *with* § 14–10–114 (provides for the determination of spousal maintenance). And, maintenance may be determined only after marital assets and liabilities have been allocated. *See In re Marriage of Huff*, 834 P.2d 244, 248 (Colo.1992) (the Act requires a district court to make sepa-

rate property and maintenance orders based on separate considerations); *see also* § 14–10–114(3)(a)(I)(B), C.R.S.2013 (version effective Jan. 1, 2014); Ch. 29, sec. 1, § 14–10–114(4), 2007 Colo. Sess. Laws (version effective until Jan. 1, 2014). Thus, maintenance is not a "liabilit[y], the omission or nondisclosure of which materially affects the division of assets or liabilities," under C.R.C.P. 16.2(e)(10).

¶ 10 Accordingly, the trial court did not err in declining to modify maintenance on this basis.

## II. Wife's Fraud

¶ 11 We next consider whether husband's maintenance should be terminated because he materially relied on wife's fraudulent conduct. We disagree that wife's conduct was fraudulent.

¶ 12 At the hearing on husband's motion to terminate maintenance, wife testified that the business in Greece was heavily in debt, in part because the manager husband had hired to run the business during the parties' marriage had not paid the business's tax or social security obligations. She further testified that, although she was working hard to pay off the debt, the business did not make a profit from 2006 to 2008, partly because of the weak Greek economy. Thus, she claimed she accurately disclosed in May 2008 her minimal business income.

¶ 13 Wife's Greek attorney testified to, and submitted evidence of, the business's debt and its frequent closure by the Greek government, including every other month in 2009, for nonpayment of debt. The business manager who operated the business for the parties during their marriage also testified that the business had been in considerable debt and had thus paid no funds to either party before 2008.

¶ 14 Husband points to exhibit G, which contained Greek government records indicating that the business earned significant funds from 2006 through 2010. But, he acknowledged the business had considerable debt.

¶ 15 And, although husband testified that he would not have stipulated to the nonmodifiable maintenance award in 2008 had he known the amount of money the business was generating, he also testified that he had intentionally never asked wife what the business earned because he wanted "to be nice." He testified that the parties had discussed the possibility of wife signing the business over to one of their children but that wife had changed her mind, which led him to investigate the business in 2011. This testimony does not support fraud by wife. It does, however, support the trial court's finding that wife's nondisclosure was not material. *See In re Marriage of Joel and Roohi,* 2012 COA 128, ¶ 11, ___ P.3d ___ ("Whether a marriage should be declared invalid for fraud is a fact-based inquiry for the court to resolve.").

¶ 16 Husband's reliance on *Joel,* in which a division of this court held that a party who fraudulently entered into an invalid marriage was not entitled to profit from that behavior by receiving property allocation or maintenance, is misplaced. In *Joel,* the division first affirmed the finding of marriage invalidity based on the wife's purported fraud. *Id.* at ¶¶ 9–14. But here, the trial court did not find fraud and, as noted, the record does not support the conclusion that wife committed fraud. *See id.*

¶ 17 The order is affirmed.

¶ 18 In light of our holding, we need not address the parties' remaining contentions.

JUDGE TAUBMAN and JUDGE DUNN concur.