2014 COA 96

**IN RE the MARRIAGE OF Jonathan D. RODDY, Appellant,**

**and**

**Kristin BETHERUM, n/k/a Kristin Morelli, Appellee.**

Court of Appeals No. 13CA0632

Colorado Court of Appeals, Div. IV.

Announced July 31, 2014

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2013.

The Hannigan Law Firm, LLC, Michelle T. Hannigan, Denver, Colorado; Wedgle & Spahn, P.C., Richard J. Wedgle, Theresa A. Spahn, Rhonda L. White, Jeffrey Boman, Denver, Colorado, for Appellant

Gutterman Griffiths P.C., Suzanne Griffiths, Carolyn Witkus, Littleton, Colorado, for Appellee

Opinion by JUDGE GRAHAM

¶ 1 In this post-dissolution of marriage proceeding, Jonathan D. Roddy (husband) appeals from the district court's order that modified his child support obligation to Kristin Betherum, now known as Kristin Morelli (wife). He also appeals from the court's order denying his motion for post-trial relief from the child support order. We dismiss the appeal from the child support order and affirm the post-decree order.

## I.  Background

¶ 2 When the parties' 2003 decree of dissolution was entered, the court adopted their stipulation that wife would be the primary residential parent for the parties' minor child and husband would pay her $3000 in monthly child support. Eight years later, husband moved to modify child support on the bases that his parenting time had increased and his income had decreased since the prior order.

¶ 3 After a three-day hearing on husband's motion and other matters not related to this appeal, the district court increased husband's support obligation to $4604 per month (child support order). At the time it entered this order, the court found that wife's 2011 tax return was "the only remotely credible source of information" regarding her income.

¶ 4 Husband moved for post-trial relief under C.R.C.P. 16.2(e)(10), C.R.C.P. 59, and C.R.C.P. 60, arguing that wife had withheld her January through June 2012 accounting records and financial statements. The court denied this motion, finding that "[t]he incomplete, speculative, and partial estimation of one-half of [wife]'s gross income for 2012 was and remains completely immaterial to the

[c]ourt's determination of Child Support" (post-decree order).

¶ 5 Husband thereafter filed his notice of appeal with this court, citing his intention to appeal from both the child support order and post-decree order. We questioned whether the appeal of the child support order was timely, and issued an order requiring husband to show cause "why this appeal should be allowed to proceed as to the [child support order] and not be limited to the [post-decree order] and be limited to C.R.C.P. 60 standards of review and relief." After considering husband's response to the show cause order, a motions division of this court

> determined that, for the reasons set forth in this [c]ourt's [show cause order], that the appeal is untimely insofar as any relief sought pursuant to C.R.C.P. 59 is concerned. Accordingly, it is HEREBY ORDERED that the appeal shall proceed but is limited to review of relief available to appellant under C.R.C.P. 60 & C.R.C.P. 16.2 and is subject to the associated standards of review.

## II. Child Support Order

¶ 6 Husband contends that the district court erred in its child support calculation. Wife contends that husband has failed to preserve this contention for appeal and that his appeal from the child support order is untimely. We agree with wife's second contention, and therefore dismiss this part of husband's appeal.

■ ¶ 7 The child support order was entered on November 13, 2012. At that time, husband had forty-nine days, or until March 19, 2013, to file a notice of appeal. *See* C.A.R. 4(a). Because husband's notice of appeal was not filed until April 4, 2013, any appeal from the child support order is untimely, and we lack jurisdiction to consider it. *See In re Marriage of Buck*, 60 P.3d 788, 789 (Colo.App.2002) (the timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review).

¶ 8 Husband nevertheless argues that the motions division order limited his appeal to C.R.C.P. 60 and C.R.C.P. 16.2 standards of review but "did not specifically exclude issues

concerning the underlying" child support order. We are not persuaded by this argument.

¶ 9 We agree that the motions division order does not specifically mention the child support order. Yet, the order should not be read in isolation. To the contrary, the motions division order expressly refers to—and therefore must be read in connection with—the show cause order, which not only mentions the child support order but also necessarily connects husband's request for relief under C.R.C.P. 59 with that underlying order. (Indeed, we note that husband made this same connection in his response to the show cause order when he commented that precluding his appeal under C.R.C.P. 59 would bar his appeal from the child support order.) Reading these orders together, we conclude that the motions division intended that husband's appeal would proceed *only* as to the post-decree order, and would be subject only to C.R.C.P. 16.2 and C.R.C.P. 60 standards of review.

■ ¶ 10 Husband alternatively argues that his appeal from the child support order should be allowed to proceed because it is "inextricably linked" to the post-decree order. While the issues may overlap and may stem from the same factual circumstances, husband may not use his timely appeal from the post-decree order as a means to revive an untimely appeal from the child support order. *See People in Interest of J.A.U. v. R.L.C.*, 47 P.3d 327, 331 n. 6 (Colo.2002) (holding that an appeal from the denial of a Rule 60(b) motion raises only the question of whether the district court abused its discretion and does not bring up the underlying judgment for review); *see also Guevara v. Foxhoven*, 928 P.2d 793, 794–95 (Colo.App. 1996) (reviewing court would not address the merits of the judgment where defendant timely appealed only the denial of C.R.C.P. 60(b) relief).

■ ¶ 11 Finally, husband urges us to consider this contention under C.A.R. 2. That Rule allows an appellate court to suspend the requirements of the Colorado Appellate Rules in the interest of expediting a decision, or for other good cause shown. Husband's

only argument supporting this contention is that "it makes little sense" to require him to file two appeals. In our view, this argument does not demonstrate good cause for us to suspend the rules and allow the untimely appeal from the child support order to proceed.

¶ 12 Because husband did not timely appeal from the child support order, the issues he raises regarding that order are not properly before us. We dismiss this portion of the appeal. *See Walker v. Walker,* 264 P.3d 630, 631 (Colo.App.2011) (holding that an untimely filed appeal must be dismissed).

### III. Post-Decree Order

¶ 13 Husband contends that the district court abused its discretion when it denied his motion for post-trial relief after he established that wife had withheld financial information. He argues both that wife violated her duty to provide full and honest disclosure under C.R.C.P. 16.2, and also that the court should have relieved him from the child support order under either C.R.C.P. 60(b)(2) or C.R.C.P. 60(b)(5). We consider his contentions in turn.

### A. C.R.C.P. 16.2(e)(10)

¶ 14 Husband argues that the district court abused its discretion by failing to find that wife violated C.R.C.P. 16.2(e)(10). We conclude that this Rule does not apply here and, therefore, affirm the district court's denial for a different reason. *See In re Marriage of Rodrick,* 176 P.3d 806, 810 (Colo.App.2007) ("An appellate court may affirm a [district] court's correct judgment based on different reasoning than the [district] court used.").

■■■ ¶ 15 We review de novo the legal issue whether C.R.C.P. 16.2(e)(10) applies to husband's motion. We interpret the Rule according to the principles of statutory construction, looking first to the plain and ordinary meaning of the language used. If the language used in a rule is plain and the meaning is clear, it must be applied as written. *In re Marriage of Dadiotis,* 2014 COA 28, ¶ 6, —— P.3d ——.

¶ 16 In pertinent part, C.R.C.P. 16.2(e)(10) provides:

[It] is the duty of parties to an action for decree of dissolution of marriage, legal separation, or invalidity of marriage, to provide full disclosure of all material assets and liabilities. If the disclosure contains misstatements or omissions, the court shall retain jurisdiction after the entry of a final decree or judgment for a period of 5 years to allocate material assets or liabilities, the omission or non-disclosure of which materially affects the division of assets and liabilities.

■■■ ¶ 17 This language is plain, and its meaning clear: A court retains jurisdiction for five years to reopen the property division if an omission or non-disclosure "materially affects the division of assets and liabilities." *See id.* The plain language of the Rule does not allow a court to redetermine a child support award, and we decline to extend the rule to the circumstances here. *See Dadiotis,* ¶ 8 (holding that C.R.C.P. 16.2(e)(10) does not allow the court to redetermine maintenance); *but cf.* C.R.C.P. 16.2(a) (courts may, upon motion, order that the case management procedures under C.R.C.P. 16.2 govern child support proceedings). Extending Rule 16.2(e)(10) to the circumstances here would render meaningless section 14–10–122(1), C.R.S.2013 (version effective until Jan. 1, 2014), which specifies the limited circumstances under which a court may reconsider a child support order. *See State v. Nieto,* 993 P.2d 493, 501 (Colo.2000) (holding that courts must seek to avoid statutory interpretations that lead to an absurd result).

■■■ ¶ 18 To the extent husband argues that his child support payment is a "liability" under C.R.C.P. 16.2(e)(10), we are not persuaded. C.R.C.P. 16.2 pertains to dissolution of marriage, legal separations, or invalidity of marriage proceedings. *See* C.R.C.P. 16.2(a). But the duty of support is independent, and is not limited to the entry of dissolution decrees. *See In re Marriage of Price,* 727 P.2d 1073, 1076 (Colo.1986). Child support is not a "liabilit[y], the omission or non-disclosure of which materially affects the division of assets or liabilities," under C.R.C.P. 16.2(e)(10). *See Dadiotis,* ¶ 9 (holding maintenance is not a "liability" under C.R.C.P. 16.2(e)(10) because it is addressed separately

from the disposition of marital property and debt, and may be determined only after the allocation of marital assets and liabilities).

¶ 19 Consequently, because C.R.C.P. 16.2(e)(10) did not apply here, we perceive no basis to conclude that the district court abused its discretion when it did not find a violation of this Rule.

## B. C.R.C.P. 60(b)(2)

¶ 20 Husband next argues that the court abused its discretion in not granting him relief under C.R.C.P. 60(b)(2), asserting that wife's failure to disclose her financial information constituted fraud and misconduct. We disagree.

¶ 21 Under C.R.C.P. 60(b)(2), a party may, within six months of the entry of judgment, move for relief from judgment on the basis of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." *In re Marriage of Gance*, 36 P.3d 114, 116 (Colo.App.2001). The moving party has "the burden of establishing the grounds for relief under C.R.C.P. 60(b) by clear, strong, and satisfactory proof." *Sharma v. Vigil*, 967 P.2d 197, 199 (Colo.App.1998).

¶ 22 It is not enough to merely establish the existence of misconduct to prevail under C.R.C.P. 60(b)(2). A successful movant must show that the alleged misconduct impaired the movant's ability fairly and fully to litigate a material issue in the case. *Aspen Skiing Co. v. Peer*, 804 P.2d 166, 173–74 (Colo.1991); *Antolovich v. Brown Grp. Retail, Inc.*, 183 P.3d 582, 604 (Colo.App. 2007). Misconduct or concealment of evidence does not substantially interfere with the moving party's presentation of his or her case if the evidence "turn[s] out to be cumulative, insignificant, or of marginal relevance." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 286 F.Supp.2d 309, 316 (S.D.N.Y.2003); *see Antolovich*, 183 P.3d at 604 (because C.R.C.P. 60(b)(2) is similar to its federal counterpart, Fed. R. Civ. Proc. 60(b)(3), case law interpreting the federal rule is persuasive in interpreting C.R.C.P. 60(b)(2)).

¶ 23 The resolution of such a motion is committed to the district court's sound discretion, and we will only disturb the court's order if we conclude it abused that discretion. An abuse of discretion is established only where the district court's ruling is manifestly arbitrary, unreasonable, or unfair. *See Affordable Country Homes, LLC v. Smith*, 194 P.3d 511, 513–14 (Colo.App.2008). The district court is in the best position to evaluate misconduct and the effect on the trial. *Antolovich*, 183 P.3d at 604.

¶ 24 The district court based wife's income for child support purposes on her 2011 draft tax return. The court found that the "draft tax return is the only remotely credible source of information available" regarding wife's income.

¶ 25 Following the hearing, husband learned that wife's accountant was "able to analyze and determine partial gross revenues" for wife's 2012 business income in order to support her malpractice claim in another proceeding. Husband submitted this new information to the court, arguing that wife knew of but failed to disclose this information prior to the district court's resolution. Husband requested a new trial, arguing that this new evidence demonstrated that wife had provided "inconsistent" financial evidence at the hearing.

¶ 26 In our view, husband did not establish by clear, strong, and satisfactory proof that he is entitled to relief under C.R.C.P. 60(b)(2). Although husband's posthearing evidence demonstrated that wife was "inconsistent" insofar as her finances were concerned, the court already made a finding at the child support hearing that wife's testimony in that regard was "inconsistent" and "incredible." Likewise, the court also previously determined that it would not base wife's income on speculative or incomplete information because the numbers "may have been manipulated." Finally, assuming that wife presented "manipulated" evidence at the hearing, the parties do not dispute that their combined gross incomes exceed the uppermost guideline limits; therefore, the court had discretion to deviate from the guidelines and enter an appropriate support order. An exact income for wife was not required. *See* § 14–10–115(7)(a)(II)(E), C.R.S.2013.

¶ 27 On these bases, we conclude that the district court did not err by denying husband's motion for relief from judgment under C.R.C.P. 60(b)(2).

### C.   C.R.C.P. 60(b)(5)

¶ 28 Husband last argues that the court should have granted relief under C.R.C.P. 60(b)(5). We discern no abuse of discretion.

¶ 29 The residuary exception of C.R.C.P. 60(b)(5) "attempts to strike a balance between the importance of the finality of judgments and the interests of justice." *S.R. Condos., LLC v. K.C. Constr., Inc.*, 176 P.3d 866, 870 (Colo.App.2007). "[T]o prevent this residuary provision from swallowing the enumerated reasons [found in C.R.C.P. 60(b) ] and subverting the principle of finality, it has been construed to apply only to situations not covered by the enumerated provisions and only in extreme situations or extraordinary circumstances." *Davidson v. McClellan*, 16 P.3d 233, 237 (Colo.2001); *accord S.R. Condos., LLC*, 176 P.3d at 870.

¶ 30 Because husband alleged that wife either fraudulently failed to disclose or misrepresented her income, his motion falls squarely under C.R.C.P. 60(b)(2). In such cases, the residual provision of C.R.C.P. 60(b)(5) is not applicable. *Cf. Spencer v. Bd. of Cnty. Comm'rs*, 39 P.3d 1272, 1275 (Colo. App.2001) (granting relief under C.R.C.P. 60(b)(5) in the absence of extraordinary circumstances is an abuse of discretion).

### IV.   C.R.C.P. 16.2(j)

¶ 31 Husband argues that the court erred by failing to sanction wife under C.R.C.P. 16.2(j). However, the court did not find that wife violated C.R.C.P. 16.2(e)(10), and we have concluded that the Rule does not apply here. Accordingly, there is no basis for us to conclude that the court abused its discretion by failing to sanction wife under C.R.C.P. 16.2(j). *See In re Marriage of Davis*, 252 P.3d 530, 537 (Colo.App.2011) (awarding sanctions under Rule 16.2(j) is discretionary).

### V.   Appellate Attorney Fees

¶ 32 Husband requests an award of attorney fees incurred on appeal under C.A.R. 39.5. Attorney fees are awardable, however, only if the party seeking them states a legal basis for recovery. *See id.*; *In re Marriage of Wells*, 252 P.3d 1212, 1216 (Colo.App.2011). A request which merely identifies the statute under which fees are requested, without stating the specific grounds that justify an award of fees, does not adequately comply with this rule. *See In re Marriage of Newell*, 192 P.3d 529, 538 (Colo.App.2008). Because husband here merely cites to C.A.R. 39.5 without further identifying the grounds for his request, we deny it. *See Wells*, 252 P.3d at 1216.

¶ 33 Wife also requests attorney fees and sanctions under section 13–17–102, C.R.S. 2013, C.A.R. 39.5, and C.A.R. 38(d)-(e), arguing that husband's appeal of the child support order unnecessarily expanded the course of litigation.

¶ 34 Attorney fees may be awarded under section 13–17–102(4) when the court finds that an attorney or party brought or defended an action that lacked substantial justification. *See In re Marriage of Ensminger*, 209 P.3d 1163, 1165 (Colo.App. 2008). A claim or defense lacks substantial justification when it is substantially frivolous, groundless, or vexatious. A claim is vexatious if it is brought or maintained in bad faith. *Mitchell v. Ryder*, 104 P.3d 316, 321 (Colo.App.2004). Bad faith may include conduct that is arbitrary, abusive, stubbornly litigious, or disrespectful of the truth. *City of Black Hawk v. Ficke*, 215 P.3d 1129, 1132 (Colo.App.2008).

¶ 35 Husband's argument that the child support order is inextricably bound to the C.R.C.P. 16.2 and 60(b) issues is clearly without merit but we cannot conclude that it was brought or maintained in bad faith. We therefore decline to award attorney fees to either party.

### VI.   Conclusion

¶ 36 The appeal from the child support order is dismissed and the post-decree order is affirmed.

JUDGE FOX and JUDGE DUNN concur.