The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
July 22, 2021

## 2021COA101

**No. 20CA0835, *Marriage of Martin* — Civil Procedure — Court-Facilitated Management of Domestic Relations Cases — Disclosures**

A division of the court of appeals considers whether C.R.C.P. 16.2(e)(10) allows for the reallocation of marital property where there is no allegation that either party failed to satisfy the disclosure requirements of C.R.C.P. 16.2 before entering into a separation agreement that was incorporated into their dissolution decree. The division concludes that it does not. Because a failure to disclose under the rule was not established regarding the challenged assets, the district court erred by applying the rule to reopen the property division and reallocate the omitted assets.

The division affirms the order in part, reverses it in part, and remands the case for reconsideration of attorney fees and for

determination of husband's request for his appellate fees under section 14-10-119, C.R.S. 2020.

COLORADO COURT OF APPEALS    **2021COA101**

Court of Appeals No. 20CA0835
Routt County District Court No. 14DR51
Honorable Shelley A. Hill, Judge

In re the Marriage of

James Arthur Martin,

Appellee,

and

Sharon Rose Dumas, f/k/a Sharon Martin,

Appellant.

ORDER AFFIRMED IN PART, REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE FOX
Dunn and Pawar, JJ., concur

Announced July 22, 2021

Drew Johnroe, P.C., Drew Johnroe, Steamboat Springs, Colorado, for Appellee

Feldman Nagel Cantafio & Song PLLC, Ralph A. Cantafio, Miles C. Nowak,
Denver, Colorado, for Appellant

¶ 1    Sharon Rose Dumas (wife), formerly known as Sharon Martin, appeals the district court's order reopening the dissolution decree's property division under C.R.C.P. 16.2(e)(10) to allocate two omitted assets and awarding James Arthur Martin (husband) attorney fees. We affirm the order in part, reverse it in part, and remand the case for reconsideration of attorney fees and for determination of husband's request for his appellate fees under section 14-10-119, C.R.S. 2020.

## I.    Background

¶ 2    The parties' twenty-two-year marriage ended in 2014.  The district court approved their separation agreement — which divided their marital property and waived maintenance — and incorporated it into the dissolution decree.

¶ 3    In 2016, husband moved for postjudgment relief, alleging in relevant part that he was entitled to a share of the proceeds from a post-decree sale of a property known as the Stagecoach property.

¶ 4    Wife responded and also moved to dismiss husband's motion, asserting that the parties did not own the Stagecoach property at dissolution, therefore the sale proceeds were not a marital asset, and C.R.C.P. 16.2(e)(10), which allows a court to allocate

1

undisclosed marital assets for up to five years post-decree, did not apply.

¶ 5    The district court denied wife's motion to dismiss and, after a hearing, found that the Stagecoach proceeds were a marital asset. It also found that certain retirement assets, which were not mentioned in husband's postjudgment motion but were raised at the hearing, had been overlooked at dissolution.  Therefore, the court invoked C.R.C.P. 16.2(e)(10) to reopen the property division and address these omitted assets.[1]

¶ 6    After another hearing, the court divided the omitted assets equally and awarded husband prejudgment interest because of wife's wrongful withholding of the Stagecoach sale proceeds.  The court also awarded husband his attorney fees — partially under section 14-10-119, based on the parties' disparate financial resources, and partially under section 13-17-102, C.R.S. 2020, based on its finding that wife's argument concerning her individual retirement account (IRA) lacked substantial justification.  The court

---

[1] In the district court, husband also challenged the division of a boat and motor home.  Because he does not challenge the court's order regarding those assets on appeal, we deem any claims regarding them waived.

ordered husband to submit an attorney fees affidavit and gave wife time to object. Before attorney fees were resolved, however, wife filed a notice of appeal. A division of this court dismissed the appeal for lack of a final order. *In re Marriage of Martin*, (Colo. App. No. 18CA1419, Aug. 29, 2019) (not published pursuant to C.A.R. 35(e)).

¶ 7    Thereafter, the district court held a hearing on attorney fees and awarded husband $75,000 in fees and costs, including fees and costs incurred in responding to the appeal, plus an additional $6,500 on reconsideration.

¶ 8    Wife again appeals.

## II.    C.R.C.P. 16.2(e)(10)

¶ 9    Because wife's fourth contention, concerning the application of C.R.C.P. 16.2(e)(10), is partially dispositive of her other contentions, we address it first.

¶ 10    Wife contends that the district court erred by applying C.R.C.P. 16.2(e)(10) to reopen the property division and allocate the Stagecoach property and the IRA. We agree.

## A. Preservation

¶ 11    We first reject husband's argument that wife stipulated that $200,000 of the Stagecoach proceeds was marital and should be divided equally between the parties and thus she cannot challenge that disposition by the court.

¶ 12    The record reflects that it was only *after* the district court denied wife's motion to dismiss husband's claim to the Stagecoach proceeds that wife stipulated that $200,000 of the proceeds had been deposited in her bank account and argued for an equitable division of that amount.  By doing so, wife did not waive her argument from her motion to dismiss that "C.R.C.P. 16.2(e)(10) does not apply under these circumstances" to allow a post-decree allocation of the proceeds.

¶ 13    Accordingly, the issue is preserved, and we address it.  *See Berra v. Springer & Steinberg, P.C.*, 251 P.3d 567, 570 (Colo. App. 2010) (all that is required to preserve an issue for appeal is that the issue be brought to the district court's attention, so the court has an opportunity to rule on it).

## B.    Relevant Facts

### 1.    The Stagecoach Property

¶ 14    In 2007, husband and wife purchased the Stagecoach property, intending to build a house on it.  After they ran into serious financial difficulties, they quitclaimed the property to wife's parents in 2011.

¶ 15    Husband, who worked as a contractor, later built a house on the property with wife's help.  Wife's parents paid all of the expenses to build the house and paid the parties' living expenses during the year-long construction process.  Husband and wife moved into the house in 2012 when it was nearly complete.

¶ 16    In 2013, wife's parents transferred ownership of the Stagecoach property to a living trust they created.  Wife testified that she did not know anything about the transfer or her parents' trust.

¶ 17    A year later, the parties petitioned to dissolve their marriage. During the dissolution proceedings, neither party disclosed an interest in the Stagecoach property, which was still owned by wife's parents' trust.  The property was not addressed or distributed in the parties' 2014 separation agreement.

¶ 18     Husband argued during the proceedings on his postjudgment motion that C.R.C.P. 16.2(e)(10) allowed the court to allocate the Stagecoach sale proceeds post-decree.[2]  He asserted that he, wife, and wife's parents had entered into a joint venture regarding the property, that he performed significant work building the house, and that because he did not have counsel during the dissolution proceedings, he mistakenly failed to include his claimed interest in the property in the separation agreement.

¶ 19     The district court found that an implied joint venture existed during the marriage and, therefore, the proceeds from wife's parents' post-decree sale of the Stagecoach property were a marital asset that could be divided under C.R.C.P. 16.2(e)(10).

## 2.     Wife's IRA

¶ 20     Wife testified that she mistakenly believed that an IRA that her parents had opened for her during the marriage was in her mother's name, not hers, and that she was only a beneficiary of it.

---

[2] Husband did not bring his motion under C.R.C.P. 16.2(e)(10). Rather, he cited C.R.C.P. 60 as the basis for his request for relief from the permanent orders property division.  Rule 16.2(e)(10) was raised at some point during the proceedings, however, and husband then argued it as the basis for the relief he sought.

Therefore, she did not list the IRA on her sworn financial statement filed during the dissolution proceedings. She argued that, in any case, the IRA was intended as a gift from her mother to her alone and thus was not a marital asset.

¶ 21    Husband acknowledged that he knew about the IRA during the marriage and testified that both parties were equally at fault for not listing that asset in their financial statements at dissolution. However, he did not allege in the district court, nor does he argue on appeal, that wife violated a C.R.C.P. 16.2(e) disclosure obligation regarding the IRA or related documents. His original motion to reopen the property division does not mention the IRA. Then, when the IRA came up at the hearing, he testified that *both* parties had failed to disclose it — they just "missed it."

¶ 22    Nonetheless, husband argued at the post-decree hearing that the IRA was marital property under section 14-10-113(2), C.R.S. 2020, because wife acquired it during the marriage, and he requested one-half of the IRA's value as of the post-dissolution proceedings.

¶ 23    The district court found that wife did not meet her burden to establish that the IRA was her separate property and invoked C.R.C.P. 16.2(e)(10) to divide the asset equally between the parties.

### C.    Legal Standards

¶ 24    We review de novo the district court's interpretation of C.R.C.P. 16.2(e)(10) in determining the sufficiency of husband's allegations and granting him relief under the rule.  *See In re Marriage of Runge*, 2018 COA 23M, ¶ 22; *see also In re Marriage of Durie*, 2020 CO 7, ¶ 13 (interpreting C.R.C.P. 16.2 de novo).

¶ 25    C.R.C.P. 16.2 establishes heightened disclosure rules for domestic relations cases, recognizing that the parties in such cases stand in a special relationship to each other.  *See* C.R.C.P. 16.2(a), (e); *In re Marriage of Hunt,* 2015 COA 58, ¶ 9.  Under the rule, the parties "owe each other and the court a duty of full and honest disclosure of all facts that materially affect their rights and interests."  C.R.C.P. 16.2(e)(1); *see In re Marriage of Schelp*, 228 P.3d 151, 156 (Colo. 2010); *Runge*, ¶ 12.  In discharging this duty, a party must affirmatively disclose certain specific items, and generally all information that is material to the resolution of the

8

case, without awaiting inquiry from the other party.  C.R.C.P. 16.2(e)(1)-(4); *Runge*, ¶ 12; *Hunt*, ¶¶ 13-14.

¶ 26     Regarding undisclosed assets, the rule provides as follows:

> As set forth in this section, it is the duty of parties to an action for decree of dissolution of marriage . . . to provide full disclosure of all material assets and liabilities.  If a disclosure contains a misstatement or omission materially affecting the division of assets or liabilities, any party may file and the court shall consider and rule on a motion seeking to reallocate assets and liabilities based on such a misstatement or omission, provided that the motion is filed within 5 years of the final decree or judgment.

C.R.C.P. 16.2(e)(10).[3]

## D.    Analysis

¶ 27     Wife did not fail to disclose a Stagecoach joint venture. Rather, according to husband's own allegations, he was a participant in the alleged venture with her and her parents to purchase, transfer ownership of, improve, and ultimately sell the Stagecoach property.  Thus, if there was a joint venture, husband

---

[3] The 2020 amendments to this rule do not affect the issues we decide.  *See* Rule Change 2020(01), Colorado Rules of Civil Procedure (Amended and Adopted by the Court En Banc, Mar. 5, 2020), https://perma.cc/8MCL-72EW.

was an "owner" of any alleged asset at the time he and wife entered into the separation agreement. Husband admitted that there was no written agreement or terms regarding a joint venture. *See Sleeping Indian Ranch, Inc. v. W. Ridge Grp., LLC,* 119 P.3d 1062, 1069 (Colo. 2005) (identifying the elements of a joint venture). In other words, he knew all of the information supporting his joint venture claim at the time of the dissolution, and he made no claim that wife failed to disclose any relevant documents.

¶ 28 Regarding wife's IRA, husband also did not allege any specific C.R.C.P. 16.2(e) disclosure violation as to any documents. Instead, he recognized that both parties were equally at fault for omitting the asset from their disclosures and separation agreement. Moreover, husband failed to allege in the district court that the omission of the IRA "materially affect[ed] the division of assets or liabilities," which is also required for the omission of an asset to be redressable under the rule. *See* C.R.C.P. 16.2(e)(10).

¶ 29 Rule 16.2(e)(10) does not provide husband a post-decree allocation remedy under these circumstances. Accordingly, the district court erred by invoking the rule to reopen the property division to allocate the Stagecoach proceeds and IRA. *See* § 14-10-

122(1)(a), C.R.S. 2020 (a dissolution decree's property division provisions may not be modified absent conditions justifying reopening a judgment).

¶ 30    Our supreme court, in its first case interpreting Rule 16.2(e)(10), concluded that the rule's property reallocation remedy "does not operate independently" but rather "works in tandem" with Rule 16.2(e)'s disclosure requirements. *Schelp*, 228 P.3d at 157. Thus, the reallocation remedy applies only "*if* either party failed to comply with his or her affirmative duties to disclose financial information" under the rule's heightened disclosure requirements. *Id.* at 156 (emphasis added). The court further noted that the rule's post-decree property allocation provision is expressly prefaced by and thus "operate[s] in conjunction with" the parties' special disclosure obligations under the rule. *Id.* at 157 (The text of the post-decree property allocation provision "explicitly refers to the new affirmative disclosure requirements."); *see* C.R.C.P. 16.2(e)(10).

¶ 31    A division of this court then held in *Runge* that Rule 16.2(e)(10)'s five-year, post-decree asset reallocation remedy did not apply when a spouse was given extensive information about the other spouse's assets but chose to enter into a separation

11

agreement without taking the time to review that information. *Runge*, ¶¶ 30-31. The division described the rule's reallocation remedy as "extraordinary" and "narrow" and unavailable to "rescue[]" the spouse "from the consequences of her own decision to settle her dissolution case" without reviewing the information disclosed to her. *Id.* at ¶ 34; *see also id.* at ¶ 39 (concluding that facts the spouse was told before the dissolution were not "undisclosed or misrepresented" so as to "trigger" the rule's reallocation remedy); *cf. Hunt*, ¶¶ 18-19 (applying the rule when a spouse indisputably failed to disclose specific required documents, but noting that "[w]ithout" that disclosure violation, the other spouse "would have been bound by her decision to enter into" a separation agreement acknowledging the uncertain value of the asset at issue).

¶ 32     More recently in *Durie*, ¶¶ 36-38, the supreme court cited *Runge* with approval and reiterated these principles. In *Durie*, the court affirmed this court's decision that the nondisclosure allegations in that case, including those made upon information and belief, were sufficient under Rule 16.2(e)(10) to trigger discovery. *See Durie*, ¶¶ 41-43. But the court "stress[ed] the

12

importance of finality" in applying the rule, particularly given the "compelling need for finality" in domestic relations cases. *Id.* at ¶ 36. The court echoed the *Runge* division's statement that Rule 16.2(e)(10)'s post-decree property reallocation remedy is "extraordinary" and "very narrow," *Durie*, ¶ 36 (quoting *Runge*, ¶ 34), and said the rule does not entitle an ex-spouse to "the legal equivalent of a mulligan." *Id.* at ¶ 38; *see also Runge*, ¶¶ 31-32.

¶ 33 Like the ex-spouse in *Runge*, husband here sought, and the district court allowed, the "legal equivalent of a mulligan." *See Durie*, ¶ 38. Husband effectively asked for a redo of the separation agreement to include his claims to the Stagecoach proceeds and wife's IRA, not because wife failed to disclose or misrepresented these assets but because the assets should have been included in, but were mistakenly left out of, their separation agreement. Rule 16.2(e)(10) is not intended for this purpose.[4] *See Durie*, ¶¶ 36-38;

---

[4] Husband's allegation of a mutual mistake by the parties, for which neither was at fault, in not including the omitted assets in the separation agreement potentially falls under C.R.C.P. 60(b)(1), which allows a court to relieve a party from a final judgment because of a mistake. Indeed, husband cited C.R.C.P. 60(b), and *not* C.R.C.P. 16.2(e)(10), in his initial motion as the authority for the relief he sought. But a motion under Rule 60(b)(1) must be filed within 182 days after a judgment is entered, and husband's motion

13

*Runge*, ¶¶ 31-32, 39; *Hunt*, ¶ 19; *see also Schelp*, 228 P.3d at 156-57 (rule's reallocation remedy applies only when its heightened disclosure requirements were violated).

¶ 34    Accordingly, the district court erred by applying the rule to reopen the property division and allocate the Stagecoach sale proceeds and the IRA, and we reverse the order in that respect, including the prejudgment interest the court awarded.

¶ 35    Because we conclude based on *Durie*, *Schelp*, *Runge*, and *Hunt* that Rule 16.2(e)(10)'s property reallocation remedy does not apply under the parties' circumstances, we do not address wife's additional argument that husband is barred from invoking the rule because of the equitable doctrine of unclean hands.

III.    Wife's Other Contentions Involving the Property Allocation

¶ 36    Our disposition reversing the post-decree property allocation means we need not address wife's additional contentions. Wife

---

was filed more than a year after the decree was entered. Thus, he is also not entitled to relief under Rule 60(b). *See In re Marriage of Seely*, 689 P.2d 1154, 1159 (Colo. App. 1984) ("[W]here the only grounds for relief established are those covered by either C.R.C.P. 60(b)(1) or (2), the six-month time limitation applicable to these clauses may not be circumvented by reliance on other provisions of the rule."); *cf. In re Marriage of Durie*, 2020 CO 7, ¶ 36 (emphasizing the importance of finality in dissolution cases).

claims that in allocating the Stagecoach sale proceeds and the IRA, the court erred by considering the parties' financial circumstances at the time of the post-decree proceedings rather than at the time of the decree. She also claims that the court erred in characterizing the IRA as a gift from her mother to the marriage rather than to her alone.

## IV. Attorney Fees in District Court

¶ 37    Wife contends that the district court erred by awarding husband attorney fees under section 14-10-119 based on the parties' relative financial circumstances at the time of the post-decree proceedings rather than at the time of the decree and by awarding husband fees under section 13-17-102 for responding to her IRA argument. We disagree regarding the section 14-10-119 portion of the attorney fees award but agree regarding the section 13-17-102 portion.

## A. Section 14-10-119 Fees

¶ 38    We reject wife's argument that *In re Marriage of de Koning*, 2016 CO 2, requires the court to consider the parties' circumstances as they were when the decree was entered. In *de Koning*, the section 14-10-119 fee proceedings of the permanent

15

orders were postponed, and fees were not determined until five months after the decree was entered. *Id.* at ¶¶ 9-14.

¶ 39 The supreme court held in that "rare" circumstance that the court must consider the parties' economic circumstances as they existed at the time the decree was entered. *Id.* at ¶¶ 28, 31-33; *see also In re Marriage of Hill,* 166 P.3d 269, 272 (Colo. App. 2007) (When a court determines permanent orders in a dissolution case, it "must address several intertwined issues, including parental responsibilities, child support, spousal support, and disposition of property," as well as attorney fees under section 14-10-119.).

¶ 40 Here, however, the permanent orders were finally entered in 2014, and section 14-10-119 fees were requested only for husband's *post-decree* motion. Therefore, *de Koning* does not apply, and the court properly considered the parties' economic circumstances as of the post-decree proceedings. *See In re Marriage of Connerton,* 260 P.3d 62, 67 (Colo. App. 2010) (a request for section 14-10-119 fees should be heard at the time of the hearing on the motion for which they are requested); *see also* § 14-10-119 (providing that the court may "from time to time, after considering the financial resources of both parties," order a party to pay a

16

reasonable amount for the other party's attorney fees); *cf. In re Marriage of Wells*, 850 P.2d 694, 696 (Colo. 1993) (concluding that section 14-10-113(1) requires a trial court to consider the economic circumstances of the respective spouses at the time any hearing relating to marital property division is held, including a hearing following a remand for purposes of re-dividing the property between the parties).

## B.    Section 13-17-102

¶ 41    The district court did not specify what amount of the fee award was made under section 14-10-119 and what amount was made under section 13-17-102 after its finding that wife's IRA argument lacked substantial justification.  However, in light of our disposition reversing the portion of the post-decree order allocating the omitted assets, including the IRA, we also reverse the portion of the fee award made under section 13-17-102, and we direct the court on remand to reconsider the fee award and eliminate the portion of the award that is based on section 13-17-102.

## V.    Appellate Attorney Fees

¶ 42    Husband requests his attorney fees incurred on appeal under section 14-10-119, asserting that the parties' financial

circumstances are disparate, and under section 13-17-102 and C.A.R. 38(b), arguing that wife's arguments are substantially frivolous. In light of our disposition, we do not agree that the appeal is frivolous and thus deny husband's section 13-17-102 and C.A.R. 38(b) request. We direct the court to determine his section 14-10-119 request on remand based on the parties' relative financial circumstances at that time. *See In re Marriage of Alvis*, 2019 COA 97, ¶ 30; *see also* C.A.R. 39.1.

¶ 43 We deny wife's request for appellate attorney fees because she did not state a legal or factual basis for the request. *See* C.A.R. 39.1; *In re Marriage of Roddy*, 2014 COA 96, ¶ 32.

## VI. Conclusion

¶ 44 The portion of the order reopening the dissolution decree's property division and allocating the omitted Stagecoach sale proceeds and IRA is reversed. The portion of the order awarding attorney fees to husband is affirmed in part and reversed in part, and the case is remanded for the district court to reconsider the fee award as directed herein and to determine husband's request for his appellate fees under section 14-10-119.

JUDGE DUNN and JUDGE PAWAR concur.