23CA0754 V&H v Beardsley 08-14-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0754
Jefferson County District Court No. 21CV31219
Honorable Todd L. Vriesman, Judge

---

V&H Development Co., LLC,

Plaintiff-Appellant,

v.

Craig Beardsley, Beardsley Construction & Development, Inc., Beardsley
Enterprises, LLC, and Matthew Beardsley,

Defendants-Appellees.

---

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE WELLING
Brown and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 14, 2025

---

Fox Rothschild LLP, Spencer L. Sears, Risa B. Brown, Esther H. Lee, Denver,
Colorado, for Plaintiff-Appellant

Martin Hild, P.A., Ll. Rhyddid Watkins, Codi K. Cox, Aurora, Colorado, for
Defendants-Appellees

¶ 1     Plaintiff, V&H Development Co., LLC, appeals the trial court's grant of summary judgment in favor of defendants, Craig Beardsley, Matthew Beardsley, Beardsley Construction & Development, Inc., and Beardsley Enterprises, LLC (collectively, the Beardsleys).  We affirm the trial court's judgment in part and reverse it in part, and we remand the case to the trial court for further proceedings on V&H's contribution claim.

## I.     Background

¶ 2     In 2015, V&H purchased an undeveloped lot with the intention of building a single-family home.  V&H hired Beardsley Construction (succeeded by Beardsley Enterprises) to act as the builder and general contractor for the project.  Craig Beardsley and his son, Matthew Beardsley, own Beardsley Enterprises.

### A.     The 2019 Action and the Homeowner Action

¶ 3     In 2018, V&H sold the home to Christopher and Svetlana Martie (the Homeowners).  One year later, V&H brought suit against Craig Beardsley, Beardsley Enterprises, and Beardsley Construction alleging that they owed damages because of project delays, excess costs, and defects with the HVAC system.  We will refer to that case

1

as the 2019 action and the court that presided over it as the Beardsley 1 court.

¶ 4    In the 2019 action, V&H asserted the following claims against Craig Beardsley: intentional misrepresentation of project completion schedule and estimated project costs, intentional misrepresentation and nondisclosure of project invoicing, and negligent misrepresentation of project completion schedule and project costs. V&H asserted the following claims against Beardsley Construction and Beardsley Enterprises: breach of contract, construction defects, and unjust enrichment. Matthew Beardsley wasn't named as a defendant in the 2019 action. During the course of the litigation, V&H withdrew its intentional misrepresentation and construction defect claims, and the Beardsley 1 court later entered judgment dismissing those claims with prejudice.

¶ 5    In 2020, the Homeowners filed suit against V&H, alleging that the home suffered from a multitude of construction defects. We will refer to that case as the Homeowner action. Even though the Beardsleys weren't named defendants in the Homeowner action, V&H filed a motion to consolidate the Homeowner action with the 2019 action. The Beardsley 1 court partially granted that motion,

consolidating the cases for discovery purposes only. In May 2021, the Homeowners settled their suit with V&H. Pursuant to the settlement agreement, the Homeowners "assign[ed] to V&H any and all claims asserted or that could have [been] asserted in the lawsuit filed in Jefferson County, Colorado, [the 2019 action] consolidated with [the Homeowner action]."

¶ 6    Although the Homeowner action settled, the 2019 action remained ongoing. Approximately three months after the settlement, in August 2021, V&H filed a motion to amend its complaint in the 2019 action, seeking to add, among other things, a contribution claim related to V&H's settlement of the Homeowner action. The Beardsley 1 court denied V&H's motion to amend, ruling that

> [c]onsolidation of the actions [for discovery purposes] does not make [Craig Beardsley, Beardsley Construction, or Beardsley Enterprises] a party to the [Homeowners'] suit against V&H. Even though the [Homeowners] assigned all of their claims to V&H in one case, the assignment does not carry over to any other lawsuit involving V&H. V&H should have added the new defendants and claims in [the Homeowner action] or filed a new lawsuit as they stated they would do on June 21, 2021. [Craig Beardsley, Beardsley Construction, and Beardsley Enterprises]

3

should not be required to be involved in litigation by V&H against subcontractors that may owe V&H for claims assigned to them by the [Homeowners], or for claims that V&H has known about all along and not added until now.

We will refer to this order as the amendment denial order.

¶ 7      V&H filed a motion requesting that the Beardsley 1 court reconsider its amendment denial order.  The Beardsley 1 court denied V&H's request for reconsideration.

## B.    The 2021 Action

¶ 8      After the Beardsley 1 court denied V&H's motion to amend the complaint and its motion to reconsider that denial, V&H filed this case — a separate action against multiple contractors, including the Beardsleys — in November 2021.  We will refer to this case as the 2021 action and the court that presided over it as the Beardsley 2 court.

¶ 9      As relevant to this appeal, in the 2021 action, V&H asserted a breach of contract claim against Beardsley Construction and Beardsley Enterprises and negligence, negligence per se, contribution, and negligent misrepresentation/nondisclosure claims against the Beardsleys.

¶ 10    In June 2022, the Beardsleys filed their first motion for summary judgment seeking dismissal of all claims against them, arguing that V&H filed the 2021 action "with full knowledge that it is barred by [the] statute of limitations and [the amendment denial order]." In their motion, the Beardsleys also contended that issue preclusion barred all of V&H's claims and that the economic loss rule foreclosed V&H's negligent misrepresentation claim. The Beardsley 2 court granted the first motion for summary judgment in part, dismissing the negligent misrepresentation claim based on the application of the economic loss rule. The Beardsley 2 court denied the balance of the Beardsleys' first motion for summary judgment.

¶ 11    In November 2022, the Beardsleys filed a second motion for summary judgment, arguing that the remaining claims against them should be dismissed because they were barred by the doctrine of claim preclusion and constituted impermissible claim splitting. According to the Beardsleys, V&H's second suit — the 2021 action — "involve[d] the same transaction, the same contract, and the same property, as V&H's first suit." In its order on this motion, the Beardsley 2 court expressly stated that claim preclusion wasn't a proper ground on which to grant the second motion for summary

5

judgment. Nevertheless, the Beardsley 2 court granted the second motion for summary judgment and vacated the trial date.

¶ 12 In its order granting the second motion for summary judgment, the Beardsley 2 court determined that the Beardsley 1 court specifically ruled in its amendment denial order "that new claims by Plaintiff V&H were barred against [Craig Beardsley, Beardsley Enterprises, and Beardsley Construction] due to the specific circumstances of that case, including [V&H's] actual or presumed knowledge of the claims and failure to present them timely in one or both lawsuits then currently pending." The Beardsley 2 court further stated that it would "not permit a second trial to circumvent that ruling [of the Beardsley 1 court]."

¶ 13 V&H filed a motion to reconsider the dismissal of its claims against Matthew Beardsley, arguing that the Beardsley 2 court's order failed to address the fact that Matthew Beardsley wasn't a party to the 2019 action. But the Beardsley 2 court denied the motion to reconsider, stating that "[t]he claims against individual Matthew Beardsley arise from the same work performed by [Craig Beardsley, Beardsley Enterprises, and Beardsley Construction]" and that "the claimed source[s] of personal liability against him are

6

derivative because, as noted in the Motion, his work was allegedly tortious or wrongful conduct on behalf of a corporate Beardsley entity."

## C. Judgment in the 2019 Action

¶ 14 In 2023, the Beardsley 1 court held a five-day jury trial on the breach of contract and negligent misrepresentation claims brought in the 2019 action. The jury found in favor of V&H and against (1) Beardsley Enterprises on the breach of contract claim in the amount of $78,207.51; (2) Beardsley Construction on the breach of contract claim in the amount of one dollar; and (3) Craig Beardsley on the negligent misrepresentation claim in the amount of one dollar. Both sides appealed the judgment in the 2019 action. Today, in a separate unpublished opinion, we affirm the judgment in the 2019 action. *See V&H Dev. Co. v. Beardsley*, (Colo. App. No. 23CA0630, Aug. 14, 2025) (not published pursuant to C.A.R. 35(e)).

## II. Analysis

¶ 15 On appeal in this case, V&H argues that the Beardsley 2 court erred by (1) determining that the Beardsley 1 court's amendment denial order precluded V&H from bringing the 2021 action and claims against Matthew Beardsley and (2) dismissing V&H's claim

7

for negligent misrepresentation based on the economic loss rule. In their briefing, the Beardsleys defend the Beardsley 2 court's orders and further argue that we can affirm the judgment below on the alternate grounds that the doctrines of claim preclusion and claim splitting bar V&H's 2021 action. The Beardsleys also contend that they are entitled to an award of their attorney fees and costs incurred on appeal.

¶ 16    In addressing these issues, we first discuss the relevant standard of review and then address the issues in the following order: (1) whether the Beardsley 2 court erroneously determined that the Beardsley 1 court's amendment denial order precluded the 2021 action against the Beardsleys collectively or against Matthew Beardsley individually; (2) whether claim preclusion or claim splitting bars any or all of the claims V&H asserted in the 2021 action; (3) whether the economic loss rule bars V&H's negligent misrepresentation claim; and (4) whether the Beardsleys are entitled to an award of their costs and fees.

## A.    Standard of Review

¶ 17    We review summary judgment de novo and apply "the same standard as the trial court." *S. Cross Ranches, LLC v. JBC Agric.*

*Mgmt., LLC*, 2019 COA 58, ¶ 11.  A court can enter summary judgment before trial if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  *People in Interest of S.N. v. S.N.*, 2014 CO 64, ¶ 14 (quoting C.R.C.P. 56(c)).  In considering whether to grant summary judgment, "the trial court must give the non-moving party all favorable inferences that can be drawn from the record."  *Id.* at ¶ 16.

### B.  The Beardsley 2 Court's Grant of the Beardsleys' Second Motion for Summary Judgment

¶ 18   We start by addressing V&H's contention that the Beardsley 2 court erred by granting summary judgment in favor of the Beardsleys on its contribution, negligence, negligence per se, and breach of contract claims.  We first address V&H's contention that the Beardsley 2 court erred by relying on the Beardsley 1 court's amendment denial order to dismiss the claims.  We then address the Beardsleys' contention that claim preclusion and claim splitting bar the 2021 action.

### 1. The Beardsley 2 Court's Reliance on the Beardsley 1 Court's Amendment Denial Order

¶ 19    V&H contends that the Beardsley 2 court erroneously relied on the alleged preclusive effect of the Beardsley 1 court's amendment denial order to support its decision to grant summary judgment. In support of this contention, V&H asserts that (1) the Beardsley 1 court's amendment denial order only considered whether to permit an amendment of the complaint in the 2019 action, not whether a new suit could be pursued; (2) the Beardsley Defendants conceded in the 2019 action that V&H could file a new lawsuit; and (3) by implicitly relying on the elements of issue preclusion to conclude that the Beardsley 1 court's amendment denial order was "final and binding" on V&H, the Beardsley 2 court "improperly" reversed its earlier conclusion that issue preclusion didn't apply. We agree with V&H that the Beardsley 2 court erred by relying on the Beardsley 1 court's amendment denial order to preclude the 2021 action. As a result, we decline to address the Beardsleys' purported concessions or whether the law of the case applies.

### a. Legal Principles

¶ 20    In certain circumstances, issue preclusion bars successive litigation to "protect[] litigants from needless relitigation of the same issues, further[] judicial economy, and promote[] the integrity of the judicial system by affirming that one can rely upon judicial decrees because they are final." *Villas at Highland Park Homeowners Ass'n v. Villas at Highland Park, LLC*, 2017 CO 53, ¶ 28 (quoting *Wolfe v. Sedalia Water & Sanitation Dist.*, 2015 CO 8, ¶ 14). When a party asserts issue preclusion, the party must show:

> (1) the issue is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*Id.* at ¶ 29 (citation omitted). Whether issue preclusion applies is dependent upon the essential elements of the claim a party seeks to preclude. *Id.* at ¶ 31.

### b. Issue Preclusion Isn't Applicable

¶ 21 Issue preclusion doesn't apply because the first element isn't met. "An issue is necessarily adjudicated when a determination on that issue was necessary to a judgment." *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 86 (Colo. 1999). And here, the issue of whether V&H could file a new lawsuit wasn't necessary to the Beardsley 1 court's disposition of V&H's motion to amend. Indeed, in the companion case that we announce today, *V&H Dev. Co. v. Beardsley*, No. 23CA0630, we determine that the Beardsley 1 court erred when it concluded unnecessarily that V&H was required under section 13-80-104(1)(b)(II), C.R.S. 2024, to file a new case to assert its proposed amended claims against Craig Beardsley, Beardsley Construction, and Beardsley Enterprises and improperly that such an action would be time barred. *Id.* at ¶¶ 42-44.

¶ 22 We didn't reverse on the basis of this error, however, because we concluded that an independent basis — V&H's delay in seeking leave to amend — supported the Beardsley 1 court's denial of V&H's motion to amend. *Id.* at ¶ 50. Thus, not only was the basis invoked for its preclusive effect not necessary to the disposition of the motion to amend by the Beardsley 1 court, but the court's

12

erroneous disposition of that particular issue was harmless in that case. *See id.* at ¶¶ 44, 50.

¶ 23    For this reason, the Beardsley 1 court's disposition of the motion to amend shouldn't have been accorded preclusive effect in this case and the Beardsley 2 court erred by dismissing the balance of the claims against the Beardsleys on this basis. Because we conclude that the Beardsley 2 court's invocation of issue prelusion was erroneous, we decline to address V&H's remaining contentions about the Beardsleys' concessions regarding the propriety of a second suit or the applicability of the law of the case. Moreover, because we determined that the first element of issue preclusion wasn't satisfied, we need not reach V&H's separate contention that issue preclusion didn't apply to Matthew Beardsley on the basis that he wasn't a party to the 2019 action.

2.    Claim Preclusion Bars Some, But Not All, of V&H's Claims

¶ 24    The Beardsleys contend that, even if the Beardsley 2 court erred by dismissing V&H's claims based on the Beardsley 1 court's amendment denial order, the doctrine of claim preclusion and its prohibition against claim splitting bars the claims based on the final judgment entered in the 2019 action. We agree that claim

13

preclusion bars V&H's breach of contract claims, and that claim splitting bars its negligence and negligence per se claims, but we aren't persuaded that either doctrine bars its contribution claim. Because the Beardsley 2 court dismissed V&H's negligent misrepresentation claim on other grounds, we discuss the propriety of its dismissal of that claim in Part II.C, *infra*.

### a. Legal Principles

¶ 25    Claim preclusion "preclude[s] the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not." *Argus Real Est., Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005).

¶ 26    Claim preclusion will bar a claim in a current proceeding if "(1) 'the judgment in the prior proceeding was final'; (2) 'the prior and current proceeding involved identical subject matter'; (3) 'the prior and current proceeding involved identical claims for relief'; and (4) 'the parties to both proceedings were identical or in privity with one another.'" *Foster v. Plock*, 2017 CO 39, ¶ 12 (quoting *Meridian Serv. Metro. Dist. v. Ground Water Comm'n*, 2015 CO 64, ¶ 36).

¶ 27	In addition to precluding relitigation of matters that have been decided or could have been raised in a prior proceeding, claim preclusion also serves to bar "a litigant from splitting claims into separate actions because once judgment is entered in an action it 'extinguishes the plaintiff's claim . . . includ[ing] all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Argus*, 109 P.3d at 608-09 (quoting Restatement (Second) of Judgments § 24 (Am. L. Inst. 1982)).

b.	Claim Preclusion

¶ 28	In its order granting the Beardsleys' second motion for summary judgment, the Beardsley 2 court rejected the Beardsleys' claim preclusion argument, finding that "the claims in [the 2019 action] and this case are legally different and, both in concept and by statutory authorization, separate lawsuits under CDARA could be maintained despite overlapping facts." Notwithstanding this finding, the Beardsleys contend that claim preclusion bars V&H's claims in the 2021 action. *See Million v. Grasse*, 2024 COA 22, ¶ 29 ("[W]e may affirm a trial court's judgment on any basis supported by the record.").

15

¶ 29    In contesting that claim preclusion or claim splitting bars its claims, V&H focuses its argument on whether the 2019 action and 2021 action involved identical subject matter and claims for relief. V&H argues that the two actions involve different subject matters and claims for relief because the 2019 action sought damages for delay costs and cost overruns, not damages for defects. We're only partially persuaded and conclude that V&H's breach of contract, negligence, and negligence per se claims are precluded by claim preclusion or claim splitting but that its contribution claim isn't precluded on either ground.

i.    Breach of Contract Claim

¶ 30    Regarding the breach of contract claim, we can readily conclude that the first and fourth elements of claim preclusion are satisfied. The first element is satisfied because the 2019 action constitutes a prior proceeding with a final judgment. And the fourth element is satisfied because both the 2019 action breach of contract claim and the 2021 action breach of contract claim were brought by V&H against identical parties (Beardsley Construction and Beardsley Enterprises).

16

¶ 31    Determining whether the second and third elements are satisfied requires closer scrutiny.

¶ 32    In considering whether the second element of identity of subject matter is satisfied, we must "determin[e] whether the same evidence would be used to prove the claims, even if the actions are different." *Foster*, ¶ 28. In this case, both breach of contract claims rely on the same evidence: the agreement between V&H, Beardsley Construction, and Beardsley Enterprises and action or inaction by Beardsley Construction or Beardsley Enterprises that might be considered a breach of that agreement. Based on this, we conclude that the second element is satisfied. *See Argus*, 109 P.3d at 608 (concluding that the identity of subject matter element of claim preclusion was met because the actions "involve[d] the same parcel of land and same agreement as the subject matter of litigation").

¶ 33    We also conclude that the third element of claim preclusion is satisfied because the claims for relief are sufficiently identical. When assessing whether claims for relief are identical, our inquiry doesn't "focus on the specific claim asserted or the name given to the claim"; rather, "the 'same claim or cause of action requirement is bounded by the injury for which relief is demanded, and not by

17

the legal theory on which the person asserting the claim relies.'" *Id.* at 608-09 (citation omitted). Claim preclusion therefore bars relitigation of "all claims actually decided" and "all claims that might have been decided if the claims are tied by the same injury." *Id.* at 609. In this case, as stated in the complaint, both claims arose from Beardsley Construction's and Beardsley Enterprises' agreement with V&H to "perform certain construction work on the Project" and Beardsley Construction's and Beardsley Enterprises' alleged violation of the agreement "through various actions and inactions including . . . failing to perform the Project in a workmanlike manner." Because both claims relate to Beardsley Construction's and Beardsley Enterprises' purported breach of the same contract with V&H, the claims are tied to the same injury. *See Layton Constr. Co. v. Shaw Cont. Flooring Servs., Inc.*, 2016 COA 155, ¶ 27 ("Generally, a contract is considered to denote a single transaction for the purpose of claim preclusion, and therefore claims for different breaches of a contract ordinarily must be brought in the same action." (quoting *Loveland Essential Grp., LLC v. Grommon Farms, Inc.*, 2012 COA 22, ¶ 16)).

18

ii.    Contribution, Negligence, and Negligence Per Se Claims

¶ 34    We now turn to whether claim preclusion bars V&H's claims for contribution, negligence, or negligence per se.  Because the 2019 action and the 2021 action don't assert identical claims for relief, we conclude that V&H's remaining claims aren't barred by claim preclusion.

¶ 35    V&H's claims for contribution, negligence, and negligence per se in the 2021 action aren't identical to its claims for relief in the 2019 action because the claims involve different injuries.  The claims in the 2019 action are based almost exclusively on cost overruns and delays in finishing construction of the home.  Conversely, the claims in the 2021 action are based on defects in the construction of the home.  Because these claims consist of different injuries, V&H's contribution, negligence, and negligence per se claims in its 2021 action aren't barred by the doctrine of claim preclusion.

¶ 36    Further, we aren't convinced that the contribution claim was ripe in the early stages of the 2019 litigation such that litigation of that claim in a second suit should be barred, as that claim arose

upon the settlement of the Homeowner action. *See* § 13-80-104(1)(b)(II).

### c. Claim Splitting

¶ 37 Although the claims aren't identical, there is still a question of whether V&H improperly split its claims by failing to bring its contribution, negligence, and negligence per se claims against the Beardsleys in the 2019 action. We conclude that the negligence and negligence per se claims are barred on claim splitting grounds, but that the contribution claim isn't.

¶ 38 First, V&H's negligence and negligence per se claims are part of the same connected transactions and, therefore, should have been brought in the 2019 action. Indeed, any negligence would have occurred while the Beardsleys were constructing the home and as part of the same events giving rise to the breach of contract. It's of no moment that the complaint details a duty of care in the Beardsleys' services "independent of any contractual duties." And, specifically as it relates to Matthew Beardsley, it's inconsequential that he wasn't a named defendant in the 2019 action. V&H avers that Matthew Beardsley is an owner of Beardsley Enterprises. And because V&H's claims relate to construction of a home built by

20

Beardsley Enterprises and a contract purportedly breached by Beardsley Enterprises, the negligence and negligence per se claims against Matthew Beardsley should have been brought in the 2019 action.

¶ 39     Second, while claim splitting bars V&H's negligence and negligence per se claims, the contribution claim is different because it's a claim for indemnification based on the disposition of the claims asserted in the Homeowners action and, as such, arose well after the 2019 action had commenced and is independent of those claims.

¶ 40     To support their contention that V&H improperly split its contribution claim, the Beardsleys cite *Layton*, ¶ 22, for the proposition that CDARA doesn't create an exception to claim splitting.  We aren't persuaded.

¶ 41     In *Layton*, the claimant added claims against an indemnitor in its initial action and then moved to dismiss those claims with prejudice.  *Id.* at ¶¶ 4-6.  But the claimant later filed suit against the indemnitor asserting additional indemnification claims and declaratory judgment for attorney fees and costs incurred from defending the initial action.  *Id.* at ¶ 8.  A division of this court held

that the trial court correctly granted summary judgment in favor of the indemnitor based on the doctrine of claim preclusion because (1) there was identity of claims because a claim for indemnity could have been brought in the prior action; (2) CDARA doesn't modify claim preclusion as to indemnification for attorney fees and costs and doesn't permit claims splitting; and (3) no exceptions to claim preclusion applied to the case. *Id.* at ¶¶ 9, 19, 22, 25, 36.

¶ 42     But *Layton* is inapposite. While *Layton* holds that CDARA doesn't permit claim splitting, it doesn't hold that claim preclusion prevents a party from bringing an indemnity or contribution case after settlement with a third party. *Id.* at ¶¶ 22-24. And that's what happened here, at least with respect to the contribution claim. Further, the procedural facts of this case are materially distinguishable from *Layton*. In *Layton*, the indemnification claim could have been brought in the initial action. *Id.* at ¶ 16. But in this case, the contribution claim brought in the 2021 action didn't arise until V&H settled the Homeowner action, and V&H's attempt to amend its complaint in the 2019 action to add a contribution claim was denied, *see V&H Dev. Co.*, No. 23CA0630, slip op. at ¶¶ 31-33, 42. In this situation, V&H may bring a later contribution

22

claim against the Beardsleys for all or part of V&H's liability to the Homeowners. *See* § 13-80-104(1)(b)(II); *Goodman v. Heritage Builders, Inc.*, 2017 CO 13, ¶ 9 ("Although third-party claims under section 13-80-104(1)(b)(II)(A) do not arise until settlement or entry of judgment, . . . such claims may be brought in either (1) the construction defect litigation before a settlement or entry of judgment or (2) a separate lawsuit after a settlement or entry of judgment."); *V&H Dev. Co.*, No. 23CA0630, slip op. at ¶¶ 43-46.

¶ 43 And V&H isn't precluded from filing the 2021 action because the Beardsley 1 court denied its request to add these claims to the 2019 action. *See V&H Dev. Co.*, No. 23CA0630, slip op. at ¶¶ 42-46. Indeed, "the rule against claim-splitting 'does not require distinct causes of action — that is to say, distinct matters, each of which would authorize by itself independent relief — to be presented in a single suit, though they existed at the same time, and might be considered together.'" *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002) (quoting *The Haytian Republic*, 154 U.S. 118, 125 (1894)).

¶ 44    In summary, we conclude that claim preclusion and claim splitting preclude V&H's breach of contract, negligence, and negligence per se claims but not its contribution claim.

### C.    The Economic Loss Rule Is a Bar to V&H's Negligent Misrepresentation Claim

¶ 45    V&H next contends that the Beardsley 2 court erred by dismissing its negligent misrepresentation claim on the basis that the economic loss rule barred it.  The court was correct.

### 1.    Legal Principles

¶ 46    Under the economic loss rule, "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1264 (Colo. 2000); *see also Mid-Century Ins. Co. v. HIVE Constr., Inc.*, 2025 CO 17, ¶ 22.  Generally, economic loss is defined as "damages other than physical harm to persons or property." *Town of Alma*, 10 P.3d at 1264.  "Damages for the cost of repair and replacement of property that were the subject of the contract constitute economic loss damages that must be supported by an

independent duty of care to be recoverable in a negligence action."
*Id.*

¶ 47   The purpose of the economic loss rule is "to maintain the boundary between contract law and tort law." *Id.* at 1259. "The essential difference between a tort obligation and a contract obligation is the source of the duties of the parties." *Id.* at 1262. Typically, tort obligations "arise from duties imposed by law," whereas "contract obligations arise from promises made between parties." *Id.* It's appropriate to limit tort liability when there is a contract between parties so that parties are held "to the terms of their bargain," which "ensure[s] predictability in commercial transactions." *Id.* "The precise allocation of risk through contracting is of particular importance in the construction industry . . . because architects, contractors, and other construction industry professionals determine the fees to be charged based on their expected liability exposure as bargained and provided for in their contracts." *Mid-Century Ins.,* ¶ 23 (citations omitted).

¶ 48   When considering whether a contract or tort action is available, it's critical to "determin[e] the source of the duty that forms the basis of the action." *Town of Alma,* 10 P.3d at 1262. In

25

some cases, a tort claim is based on a duty of care independent of a party's contractual obligation, and therefore the economic loss rule doesn't apply. *Id.* at 1263. One such claim, in certain circumstances, is negligent misrepresentation. *Keller v. A.O. Smith Harvestore Prods., Inc.*, 819 P.2d 69, 72 (Colo. 1991). Negligent misrepresentation claims are based on principles of duty and reasonable conduct, not principles of contractual obligation; so if a party negligently misrepresents material facts *before* a contract is executed, there may be a basis for an independent tort claim. *Id.* at 72-73. The economic loss rule typically precludes claims for negligent misrepresentation made during the execution of the contract. *See Van Rees v. Unleaded Software, Inc.*, 2016 CO 51, ¶ 17 ("The key in [*Keller*] is our recognition of an independent tort duty regarding negligent misrepresentations inducing the contractual arrangement, not the subject (that is, product or services) of the arrangement itself."); *McWhinney Centerra Lifestyle Ctr. LLC v. Poag & McEwen Lifestyle Ctrs.-Centerra LLC*, 2021 COA 2, ¶ 72 ("As the supreme court has made clear, tort claims based on theories of negligence and negligent misrepresentation necessarily

26

stem from duties *created by* a contract between parties and, therefore, the economic loss rule often applies.") (emphasis added).

## 2. Application

¶ 49 In their first motion for summary judgment, the Beardsleys argued that V&H's negligent misrepresentation claim was barred by the economic loss rule. In the motion, the Beardsleys observed that "V&H's claim for negligent misrepresentation is based on statements allegedly made after it entered into an agreement with Beardsley Construction and Beardsley Enterprises" and that the statements alleged in the complaint "concerned the house *as constructed and designed,* as opposed to statements that induced the agreement." In its first summary judgment order, the Beardsley 2 court dismissed the negligent misrepresentation claim, finding that the economic loss rule applied and that the claim "arose from the contractual relations of the parties and not some independent duty of care under tort law causing unexpected different damage." The court also observed that there was "no material allegation that negligent misrepresentations were made prior to the contracts."

27

¶ 50    On appeal, V&H doesn't provide any record evidence indicating that the alleged statements forming the basis of the negligent misrepresentation claim were made before the parties entered into a contract.  Rather, V&H argues that the Beardsley 2 court erred because it didn't "provide V&H with all favorable inferences to be drawn from the facts as alleged in its Complaint," as is required when resolving a motion for summary judgment.  But in its complaint, V&H fails to allege that the Beardsleys made statements that could form the basis of a negligent misrepresentation claim outside of the contract, let alone before the contract was formed.  And V&H didn't provide any evidence in the form of affidavits or otherwise with its brief in opposition to the motion for summary judgment.  While the court was required to give V&H "all favorable inferences that c[ould] be drawn from the record," *S.N.*, ¶ 16, without an allegation or any evidence that any purported misrepresentations were made before the contract was formed or outside of the contract, the court correctly concluded that the economic loss rule barred V&H's negligent misrepresentation claim. *See id.* at ¶ 17 ("A genuine issue of material fact . . . 'cannot be raised by counsel simply by means of argument.'" (quoting *Sullivan*

*v. Davis*, 474 P.2d 218, 221 (Colo. 1970))); *Griswold v. Nat'l Fed'n of Indep. Bus.*, 2019 CO 79, ¶ 23 (The party moving for summary judgment may show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law "by demonstrating that there is an absence of evidence in the record to support the nonmoving party's case." (quoting *Civ. Serv. Comm'n v. Pinder*, 812 P.2d 645, 649 (Colo. 1991))).

¶ 51 V&H further argues that the economic loss doctrine is inapplicable because the Beardsleys' negligence resulted in property damage. But if the damages sought for the repair or replacement of property stem from the contract, they constitute economic loss damages and can't be recovered under a tort claim unless an independent duty exists. *See Town of Alma*, 10 P.3d at 1264; *see also Mid-Century Ins.*, ¶ 24 ("Whether the economic loss rule applies depends not on the nature of the damages — physical or economic — but rather on the source of the duty allegedly breached — the contract or some other source."). And no independent duty exists here. Because there is no indication that the repair and replacement damages that V&H is attempting to recover wouldn't

fall within the scope of the contract, the economic loss doctrine applies to bar the claim.

¶ 52 Accordingly, the Beardsley 2 court correctly dismissed V&H's negligent misrepresentation claim based on the economic loss doctrine.

D. The Beardsleys Aren't Entitled to Fees and Costs on Appeal

¶ 53 The Beardsleys assert that V&H's appeal is frivolous and request an award of their reasonable attorney fees and double costs pursuant to section 13-17-102(3), C.R.S. 2024, and C.A.R. 38. We decline to award the Beardsleys attorney fees or costs under section 13-17-102 or C.A.R. 38 because V&H's appeal isn't groundless or frivolous, as evidenced by our decision to partially reverse the Beardsley 2 court's order granting summary judgment. *See In re Marriage of Martin*, 2021 COA 101, ¶ 42.

III. Disposition

¶ 54 As described above, the judgment is affirmed in part and reversed in part, and the case is remanded for further proceedings on V&H's contribution claim.

JUDGE BROWN and JUDGE MOULTRIE concur.